206 So.2d 264 (1968)
In re ESTATE of Ann V. DALTON, Deceased.
Nellie SIGLEY, Appellant,
v.
Joseph R. LILLAGORE and William A. Lane, Co-Executors of the Estate of Ann V. Dalton, Deceased, and the Dunspaugh-Dalton Foundation, Inc., Appellees.
No. 67-170.
District Court of Appeal of Florida. Third District.
January 16, 1968.
*265 Ralph & Anderson, Miami, Roy L. Struble, Miami Beach, for appellant.
Lane, French, Primm, Lane & Carrier, Miami, John J. Hunt, North Miami, Scott, McCarthy, Steel, Hector & Davis and Phillip Goldman, Miami, for Lillagore and Lane.
Sam Daniels, Miami, for Dunspaugh-Dalton.
Before PEARSON, BARKDULL and SWANN, JJ.
PER CURIAM.
This appeal presents a question of whether the executors of an estate successfully invoked the shortened limitation provisions of Section 732.28, Florida Statutes, F.S.A., for revocation of probate despite their claimed failure to fully comply with the provisions of the statute. The appellant's petition for revocation of probate of a will and codicil was dismissed with prejudice and she has appealel.
It appears that the decedent's "heirs at law" were nieces and nephews, the offspring of her five brothers and five sisters. The appellant, Nellie Sigley, is the daughter of the decedent's sister "Jennie" and is admittedly an heir at law.
Ann V. Dalton, whose maiden name was Ann V. O'Donnell, died on January 12, 1963. Her last will and codicil was admitted to probate in Dade County, Florida on February 18, 1963.
The executors and their attorneys undertook an investigation to identify the heirs at law of the decedent so as to invoke the limitation provision for revocation of probate under Section 732.28, Florida Statutes, F.S.A. A letter from one of the executors, Joseph R. Lillagore, to an attorney for the co-executors, dated January 22, 1963, included a brief sketch of the family tree of the decedent in which it was indicated that there were possible descendents of the decedent's sister, "Jenny". On April 2, *266 1963, an attorney for the executors wrote to a private investigating firm in Philadelphia, requesting information concerning the heirs of Ann Dalton, generally, and asking them to check into the matter of a story which persisted "that there is a family by the name of Romick in Catasaqua, Pennsylvania, who are descendants of Jennie or Catherine."
On April 10, 1963, prior to receiving a full investigative report of this matter, the executors filed a sworn statement for notice of probate under the terms of Section 732.28, Florida Statutes, F.S.A. This sworn statement asserted that "diligent search [had] been made to ascertain the names * * * of * * * each heir at law * * *" [brackets ours]. It did not include the name or address of the appellant, Nellie Sigley, although she admittedly fell within the classification of "heirs at law." It appears that the investigators first made contact with appellant on April 15, 1963 and they made a full report of her status to the executors on May 20, 1963.
Subsequently, on June 7, 1963, after receiving the investigators' report, an "Amended Sworn Statement for Notice of Probate" was filed in which Nellie Sigley's name and address appeared. This amended statement, however, was apparently misfiled and no notice was ever mailed to the parties named in it and no certificate of such mailing was filed by the county judge under the amended sworn statement.
On July 28, 1966, prior to the discharge of the personal representatives named in the will, the appellant filed her petition for revocation of probate of the will and codicil, pursuant to Section 732.30, Florida Statutes, F.S.A. This petition was subsequently amended and, upon the stipulation of the parties, the court heard evidence upon the various motions to dismiss. In granting a dismissal of the petition for revocation with prejudice, the county judge's order provided in part:
* * * * * *
"The publication of the notice of probate as provided in § 732.28, Florida Statutes [F.S.A.], is an optional proceeding available to the personal representatives or any other interested party after the admission of a Last Will and Testament to probate. This is a limiting statute, the effect of which is to bar all persons interested in the estate of the decedent from contesting the validity of the decedent's Will after the expiration of six months from the date of the first publication of notice of probate. * * * The duty imposed upon the personal representative before the filing and publication thereof is that they make a diligent search and inquiry to determine the heirs at law and interested persons in order that they may receive notice of the admission of the Will to probate and their right to contest the same within a limited period of time.
"The Court finds that the Co-Executors and their counsel did make such a diligent search and inquiry before the filing and publication in this cause. The very fact that the statute requires the publication of a notice to all persons interested in the estate of the decedent commanding them to appear and contest shows that the statute itself recognized that there may be others so interested not disclosed by a reasonable search and inquiry."
* * * * * *
The County Judge also found that the appellant was estopped to seek revocation of the will and that her claim was barred by laches.
We turn first to the question of whether the applicable period of limitation is the six months provided by Section 732.28, Florida Statutes, F.S.A.
Nellie Sigley was not listed in the original sworn statement and it is undisputed that no notice was mailed to her before or after the filing of the amended sworn *267 statement in which her name was included. The executors argue, however, that to require more than a diligent search for heirs at law is to require the impossible. They argue further that the provision for general notice by publication is sufficient to cure any failure to give notice by mail so long as a diligent search and inquiry was made by them to list each heir at law. We do not so construe the statute.
Fla. Stat. § 732.28, F.S.A. is an optional alternative procedure, not a mandatory one. It is available only in cases where actual compliance is successfully carried out. § 732.28 provides, in pertinent part:
"(1) Upon the admission of a will to probate, the personal representative or any other interested party may, at his option, file in the office of the county judge a sworn statement containing the name and residence or post-office address of each legatee or devisee named in the will and of the surviving spouse and each heir at law of the decedent.
"(2) Upon the filing thereof, the county judge shall cause to be duly mailed, postage prepaid, with the return address of the county judge upon each envelope, to each person named in said statement, a notice of the probate of such will. A certificate of such mailing shall be filed by the county judge.
"(3) Thereupon, the county judge shall cause to be published once a week for four consecutive weeks in a newspaper published in the county, four publications being sufficient, a notice addressed to all persons interested, in substantially the following form:
* * * * * *
"You are hereby commanded within six calendar months from the date of the first publication of this notice to appear in said court and show cause, if any you can, * * *" (All emphasis added.)
* * * * * *
In construing the effect of this statute, the Supreme Court, in State ex rel. Ashby v. Haddock, Fla. 1962, 149 So.2d 552, stated the following:
* * * * * *
"* * * Since, however, the latter procedure [732.28] is optional, the contrary time limit expressed in 732.30, allowing revocation `at any time before final discharge', does under our view serve the reasonable purpose of delimiting the remedy in any instance where the procedure for notice of probate is omitted or improperly executed." (Brackets and emphasis ours)
* * * * * *
It further held that the statute "clearly contemplates mailing of notice only to those parties enumerated in subsection (1), i.e. `each legatee' * * * and heirs, and provides for publication of notice to all others."
Thus, actual compliance with § 732.28 is required under these facts if its optional procedure and shorter period of limitation is to be utilized. The failure to list the appellant, an admitted heir at law, in the original sworn statement and the failure to mail notice of probate after the filing of the amended sworn statement, was fatal to the successful election under the 732.28 procedure.
The basis for the county judge's finding that Nellie Sigley was estopped to challenge the admission of the will to probate was that she had actual notice within the six month period [of Fla. Stat. § 732.28, F.S.A.] that the decedent's will had been admitted to probate (italics added). We find no sufficient competent evidence in the record, however, to support a finding that Nellie Sigley had received notice, or had waived notice of the executors' attempt to invoke the six month limitation period of § 732.28.
*268 The question was not of her knowledge of the admission of the will and codicil to probate, but was, rather, whether her right to petition for revocation of probate was governed by the six months provision of § 732.28 or by § 732.30, which allows such a petition at any time prior to the discharge of the personal representative. If the procedure approved below were permissible it would mean that every personal representative, while an investigation as to a decedent's heirs was pending, could file a sworn statement listing only the heirs known at that time, properly publish the notice of probate, and thereby foreclose, or limit, any other heir at law from filing a petition to revoke, unless done within six months. The practical effect of such an interpretation would virtually emasculate and nullify the provisions of Fla. Stat. § 732.30, F.S.A. The more logical construction of Fla. Stat. § 732.28, F.S.A. would seem to be that the legislature meant to shorten the usual time for filing a petition for revocation [§ 732.30] to six months [§ 732.28] only in those instances where the names and residences or post office address of each legatee or devisee named in the will, the surviving spouse, and each heir at law is specifically known or could be easily or readily obtained and listed, and proper notice mailed to them advising them of the six month time limitation within which to file their petition for revocation.
There is no statutory mention under Fla. Stat. § 732.28, F.S.A., of a requirement for diligent search and inquiry prior to publication. Cf. Fla. Stat. § 48.04, F.S.A. Assuming, arguendo, that it may be required, the exercise of "due diligence" does not relieve the executor of his duty to list the name and address of each heir at law of the decedent, and we are not satisfied that due diligence was exercised by the executors in trying to ascertain the existence of the descendants of "Jennie." The original sworn statement was filed when the co-executors and their attorneys knew of the possibility that the decedent's sister, "Jennie" had descendants, and only eight days after the executors attorney sent a letter to their investigators asking them to check into the matter and at the time of such filing a full investigative report had not been made. See Larsen v. Larsen, Fla.App. 1965, 180 So.2d 393.
It is conceded that the petition for revocation was filed within the time limitation of Fla. Stat. § 732.30, F.S.A.
Since there was no delay under Fla. Stat. § 732.30, F.S.A., we do not see how the doctrine of laches [or estoppel] can be invoked. The failure of the executors to properly comply with the specific terms of Fla. Stat. § 732.28, F.S.A. appears to us to give appellant the right to pursue her remedy as provided under Fla. Stat. § 732.30, F.S.A.
The law, generally, is:
"* * * [I]f the alleged cause of action although equitable, comes within a specific provision of the statute of limitations, the statute governs and the equitable defense of laches and stale demand do not apply." 30A C.J.S. Equity § 131.
"* * * [T]he defense of laches [is not applicable] where the legislative body has fixed a period within which the action may be brought." 30A C.J.S. Equity § 113.
We therefore hold that error was committed in granting the motions to dismiss, since § 732.28 had not been properly complied with, and find that appellant is legally entitled to pursue her remedies set forth under § 732.30.
The appellant has also assigned as error the order of the county judge in the suppressing of the taking of certain depositions and limiting discovery to matters other than the issue of Ann Dalton's testamentary capacity and undue influence until other issues raised in the proceeding had been tried.
*269 In our opinion, this was contrary to the express authority enunciated in F.S.A. § 732.13 and former Rule 1.21 of the Florida Rules of Civil Procedure, 30 F.S.A. The record reflects that the depositions of the parties sought to be taken were persons who had attended Ann V. Dalton prior to her decease and who might have personal information and knowledge as to her testamentary capacity. It is asserted that these witnesses are elderly and in ill health and that in order to perpetuate their testimony, it was necessary to take their deposition. The county judge required that a medical certificate be obtained, showing the condition of these witnesses prior to the taking of their depositions. We therefore find that reversible error was committed in the suppressing of the taking of the depositions and in the order dated November 16, 1966, which limited discovery to matters other than Ann V. Dalton's testamentary capacity and undue influence.
The appellant also claims reversible error by the court below in granting motions to dismiss her petition for removal of the executors or appoint an administrator ad litem. This petition alleged essentially that the co-executors had obtained transfers from the decedent to themselves of a large amount of stock as inter vivos gifts, while she was incompetent, and that they were adversely interested to the estate of the decedent. The motions to dismiss of appellees admitted these facts, for that purpose only. The court granted the motions to dismiss, without setting forth its reasons and denied the petition without hearing any evidence thereon. The petition contains sufficient factual allegations which, if true and properly proven, may warrant full or partial relief as sought therein.
We therefore reverse the order which granted the motions and dismissed the petition for removal of the executors or appointment of an administrator ad litem.
Appellant's other claims for reversal have been considered and are found to be without merit.
This cause is reversed and remanded for further proceedings consistent herewith.
It is so ordered.