ANSTEAD, Judge,
dissenting:
This is an appeal by the plaintiff-appellant from an order dismissing, with prejudice, an amended petition for revocation of probate. His contention is that the lower court erred in dismissing the action as being untimely filed where no proof was adduced of strict compliance by the personal representative with the notice requirements of the probate code. The notice requirements of a statute shortening the time for filing actions for revocation of probate must be strictly followed in order to bar a subsequently filed action. In re Estate of Dalton, 206 So.2d 264 (Fla. 3d DCA 1968). The record fails to reflect that the personal representative followed the statutory scheme for serving the notice of administration upon appellant as set forth in Sections 733.- *293 212 and 731.301, Florida Statutes (1977). Compliance with these sections is necessary to shorten the time for filing actions for revocation. In re Estate of Dalton, supra. The trial court concluded that appellant received notice through service on his attorney. However, there is nothing in the record indicating that appellant had filed any appearance in the proceedings through his attorney at the time of the alleged service. In other words service upon an attorney is only authorized if such attorney has appeared in the cause on behalf of the party. In addition the appellant’s attorney filed a motion in which he alleged that it was only by oversight that he failed to join the appellant as a party petitioner in a petition the attorney earlier filed on behalf of appellant’s brother. Although this may indicate that appellant was aware of the probate proceedings pending and intended to challenge such proceedings, it in no way relieves the personal representative from complying with the notice requirements discussed above. In re Estate of Dalton, supra.
I would reverse the order of dismissal.