426 So.2d 1196 (1983)
In re ESTATE OF Anna H. BALLETT, Deceased.
No. 81-1458.
District Court of Appeal of Florida, Fourth District.
February 9, 1983.
Rehearing Denied March 10, 1983.
*1197 George H. Aslanian, Jr., of Casoria, Goff & Friedman, P.A. (withdrawn), and Russell E. Carlisle of Carlisle & Lecates, Fort Lauderdale, for appellant-Edward L. Baron.
Romney C. Rogers of Rogers, Morris & Ziegler, Fort Lauderdale, for appellee-Anna R. Ballett, as Personal Representative of the Estate.
DOWNEY, Judge.
Edward L. Baron appeals from an order dismissing his petition to revoke the probate of the will of Anna H. Ballett.
On October 6, 1980, Baron, the brother and sole survivor of Anna H. Ballett, filed a petition for the intestate administration of the Estate of Anna H. Ballett. The petition was granted and letters of Administration were issued to Baron. However, on November 13, 1980, a petition for revocation of probate was filed by the appellee, Anna R. Ballett, the deceased's sister-in-law, in which she alleged that an order had been previously entered appointing Baron a personal representative of the intestate estate of Anna H. Ballett. The petition alleged that the deceased left a last will and testament dated June 20, 1980, the original of which was filed with the court. The petition prayed for revocation of the letters of administration issued to Baron, admission of the will to probate, and appointment of Anna R. Ballett as personal representative. On the same date Anna R. also filed a petition for administration that listed the beneficiaries named in the will and her nomination as personal representative.
From Anna R.'s brief we glean that, upon receipt of the petition, the probate judge *1198 contacted counsel for Anna R., stating that it would be necessary for the parties to "either have a hearing on the revocation or, in the alternative, a Stipulation be entered, before the Court could render an Order." Thereupon, counsel for Baron and Anna R. filed a stipulation that provided that the order appointing Baron as personal representative and the issuance of letters of administration be revoked; that the will of Anna H. Ballett be admitted to probate; and that Anna R. be appointed personal representative. All of the foregoing was confirmed by order dated December 3, 1980. Notice of administration and notice to creditors were first published December 22, 1980. The notice of administration was served only on Anna R. and St. Gregory's Catholic Church.
On March 24, 1981, Baron filed a petition for revocation of probate of the decedent's will dated June 20, 1980, alleging that Anna R. had procured the will by the exercise of undue influence. Anna R. moved to dismiss Baron's petition on the grounds that: (a) Baron was not an interested person within the meaning of the probate statutes and so had no standing to attack the probate of the will; (b) Baron's entry into the stipulation and the court's entry of the order of December 4, 1980, precluded Baron's petition for revocation because he waived his right to attack the will; (c) the petition was not timely filed since it was not filed within three months of the first publication of the notice of administration. From the order granting that motion, Baron has perfected this appeal.
It is apparent from the order denying petition for rehearing that the trial court dismissed Baron's petition for revocation of probate a) because of Baron's earlier stipulation that the order appointing him as personal representative and issuing letters of administration to him be revoked and that the will be admitted to probate and letters issue to Anna R., and b) because Baron's petition to revoke probate of the will was filed more than three months from the date of the order entered upon the earlier stipulation. Thus, the trial court concluded that Baron had waived any right to such revocation of the probate of said will.
Baron contends on appeal that the stipulation was not intended as a waiver of any right to attack the will but was entered into by the parties to allow the will to be filed and the administration proceed without necessarily affecting anyone's rights. It is Baron's position that the time constraints of Sections 733.212 and 733.2123, Florida Statutes (1979), are not applicable to preclude his attack upon the will because Anna R., as personal representative, did not invoke those provisions to shorten the time within which an interested person could file a petition to revoke probate.
Revocation of probate is controlled by Section 733.109(1), which provides:
(1) Any interested person, including a beneficiary under a prior will, except those barred under s. 733.212 or s. 733.2123, may, before final discharge of the personal representative, petition the court in which the will was admitted to probate for revocation of probate.
However, if an interested person has been served with formal Notice of Administration pursuant to Section 733.212[1], Florida Statutes, he must file his objection to the *1199 will within three months of the first publication of Notice of Administration. If, pursuant to 733.2123[2] the petitioner serves formal notice of Petition for Administration on an interested person prior to issuance of letters, that person may not thereafter challenge the validity of the will except in proceedings prior to issuance of the letters.
An interested person is defined in Section 731.201(21), Florida Statutes, as any person who may reasonably be expected to be affected by the outcome of the particular proceeding, including an heir at law or devisee who has not received his distribution. Parenthetically, appellee contends this statute excludes heirs at law, but we reject his proposed construction and hold the statute includes both heirs at law and devisees unless they have received their distribution.
If interested persons are to be limited by special time constraints, the personal representative must strictly comply with the statute authorizing such limitations. Nardi v. Nardi, 390 So.2d 438 (Fla. 3rd DCA 1980). In this case the strict requirements of Sections 733.212 and 733.2123 were not complied with. Baron was not served with the Notice of Administration as required by Section 733.212(1)(b), nor was he served with formal notice of the petition for administration as required by 733.2123. Anna R. pooh-poohs the slight difference between formal and informal notice, particularly because it is asserted that Baron had actual notice. However, the court held in In Re Estate of Dalton, 206 So.2d 264 (Fla. 3rd DCA 1968), that, where statutory notice had not been furnished, actual notice of the filing of a will for probate is not sufficient to shorten the time for filing a petition for revocation of probate pursuant to Section 732.28, Florida Statutes (1963); the reason being that the written notice puts the interested person on notice of the time limitations for him to act.
Finally, Anna R. contends the stipulation itself should be sufficient to constitute a waiver on Baron's part. However, considering the setting, we disagree. It appears that, when Baron filed his petition for administration, he was under the impression that the deceased had not left a will. When he learned that there was an alleged will and when he was faced with the trial judge's suggestion that the parties either stipulate to revocation of Baron's letters or have a hearing thereon, he did not by his stipulations intend to waive any objections to the will which he might later determine were valid. At that point in time, if he did not know of the existence of the will, he could hardly be held to know the circumstances surrounding its procurement. Waiver implies knowledge of the facts and one's rights arising therefrom and the intention to relinquish such rights. 72 Fla. Jur.2d, Estoppel and Waiver, § 89.
In view of the foregoing the judgment appealed from is reversed and the cause is remanded to the trial court for further proceedings on Baron's petition to revoke probate of the will of Anna H. Ballett.
REVERSED AND REMANDED with directions.
BERANEK and GLICKSTEIN, JJ., concur.
NOTES
[1] Section 733.212 provides in pertinent part:

(1) The personal representative shall promptly publish a notice of administration and serve a copy of the notice on the surviving spouse and all beneficiaries known to the personal representative by mail in the manner provided for service of formal notice, unless served under s. 733.2123. He may similarly serve other heirs or devisees under a known prior will... . The notice shall require all interested persons to file with the court, within 3 months of the first publication of the notice:
(a) All claims against the estate.
(b) Any objection by an interested person to whom notice was mailed that challenges the validity of the will, the qualifications of the personal representative, venue, or jurisdiction of the court.
* * * * * *
(3) Objections under paragraph (1)(b), by persons to whom notice was mailed, that are not filed within 3 months following the date of first publication of the notice are forever barred. Claims under paragraph (1)(a) are barred as provided in s. 733.702.
[2] Section 733.2123 provides in pertinent part:

A petitioner may serve formal notice of his petition for administration on interested persons. No person who is served with formal notice of the petition for administration prior to the issuance of letters or who has waived notice may challenge the validity of the will, testacy of the decedent, qualifications of the personal representative, venue, or jurisdiction of the court, except in connection with the proceedings before issuance of letters.