PER CURIAM.
This is an appeal from a subsequently amended final order dismissing with prejudice a re-filed petition for revocation of probate as being time-barred by the six-month limit set by Section 732.28(6), Florida Statutes (1973). After carefully considering the trial court’s order, the briefs of the parties and the supporting record, we conclude that the order under review must be reversed and the cause rémanded for further proceedings. We reach this conclusion for three reasons.
First, we think the above statute of limitations was inapplicable to this case because the petitioner below [Sandor Ker-eszti] was, without dispute, never served with a notice of probate as required by Section 732.28(2), Florida Statutes (1973), in order to invoke the above six-month time limit. In re Estate of Dalton, 206 So.2d 264 (Fla. 3d DCA), cert. denied, 211 So.2d 213 (Fla.1968). Indeed, this was the basis for a prior order of the trial court which refused to dismiss or strike as a sham pleading the first petition to revoke probate filed by the petitioner herein, which petition has since been re-filed and dismissed herein. We approve the legal analysis of this issue as contained in that prior order:
“FINDINGS OF FACT:
After hearing testimony by witnesses for all sides and reviewing all evidence presented, the Court makes the following findings of fact:
1. That a Notice of Probate was mailed to SANDOR KERESZTI at the following address:
Sandor Kereszti
IX Haman, K. u. 99.111.16
Budapest, Hungary
at which address SANDOR KERESZTI had never lived, and which address in fact does not exist.
*510 2. That SANDOR KERESZTI left Budapest, Hungary on June 21, 1975, approximately three months prior to the death of the testator, and has not since returned to Hungary.
3. That SANDOR KERESZTI did not receive a Notice of Probate.
CONCLUSIONS OF LAW:
1. Florida Statutes, Section 732.28 sets forth an optional procedure for shortening the period of limitations for Petitions to Revoke Probate of a Will. Since the procedure is optional, it will shorten the period of limitations
‘... only in cases where actual compliance is successfully carried out.’
In Re Estate of Dalton, 206 So.2d 264, 267 (Fla. 3rd 1968). The legislature contemplated the use of Florida Statutes, Section 732.28
‘... only in those instances where the names and residences or post office address of each legatee or devisee named, the surviving spouse, and each heir at law is specifically known or could be easily or readily obtained and listed, and proper notice mailed to them advising them of the six month time limitation within which to file their petition for revocation.’
Dalton, supra, 268, see also, State v. Haddock, 149 So.2d 552, 555 (1962). Since all provisions of Florida Statutes, Section 732.28 were not fully complied with, the normal period of limitations under Florida Statutes, Section 732.30 applies and the Petition to Revoke Probate filed by SANDOR KERESZTI is, therefore, timely.”
R. 222-23.
We disapprove the trial court’s subsequent order now under review, entered by a successor judge, which, in effect, repudiates the above analysis and dismisses with prejudice the re-filed petition to revoke probate herein.
Second, we reject the argument made herein that the petitioner’s actual notice of the filing of the will for probate is an adequate substitute for the written notice requirement of Section 732.28(2), Florida Statutes (1973). Written notice as required by this statute, unlike the actual notice herein, puts the interested party on notice not only of the filing of the will but also of the six-month time limitation within which he must act to challenge the will. The written notice requirements of the statute are, therefore, mandatory and cannot be waived by the actual notice herein. Indeed, both this court and the Fourth District Court of Appeal have specifically so held. In re Estate of Ballett, 426 So.2d 1196, 1199 (Fla. 4th DCA 1983); In re Estate of Dalton, 206 So.2d at 267-68.
Third, the subject petition to revoke probate was, without dispute, filed prior to final discharge of the personal representative of the estate and thus was timely filed under Section 732.30(1), Florida Statutes (1973). The fact that the trial court had previously dismissed the petitioner’s first petition to vacate probate for lack of prosecution cannot, as urged, change this result because a dismissal for lack of prosecution is a dismissal without prejudice and not a dismissal on the merits. Mercado v. Highlands County Title & Guaranty Land Co., 380 So.2d 1202, 1202 (Fla. 2d DCA 1980); Gibbs v. Trudeau, 283 So.2d 889, 890 (Fla. 1st DCA 1973).
Finally, we have not overlooked the ap-pellees’ other arguments for sustaining the final order appealed from, but find them to be without merit. The amended final order under review is therefore reversed and the cause remanded to the trial court for further proceedings.
Reversed and remanded.