RYDER, Judge.
Helen Anne Cammarata challenges the trial court’s order granting appellees’ motion to strike for sham Cammarata’s petition for revocation of probate of will, and the trial court’s denial of Cammarata’s motion for rehearing on the same order. We reverse.
On September 16, 1988, a petition for administration was filed to open the estate of decedent Rose A. Holt. Also filed at that time was the decedent’s purported last will and testament dated April 12, 1985. The will named as co-personal representatives two of decedent’s three children, ap-pellees, Bechhold and Roeder. Cammarata is the decedent’s third child.
The petition was signed by appellees as the named personal representatives. Cam-marata also signed the petition at the request of Bechhold, and upon Bechhold’s assurances that the document’s purpose was to verify the names of their mother’s children and that it was “nothing important.” Shortly thereafter, Cammarata learned of prior wills executed by Mrs. Holt and on January 9, 1989 filed her petition for revocation of probate of will. Ap-pellees responded with a motion to strike for sham pursuant to Florida Rule of Civil Procedure 1.150. The motion alleged that Cammarata’s joinder in the petition for administration constituted a waiver of any right she had to challenge the decedent’s will of April 1985.
The petition for revocation of probate of will is certainly not a sham pleading. The argument that Cammarata was one of the “petitioners” and a proponent of the will for probate is groundless. Cam-marata never signed the petition as a “petitioner.” She only joined in signing as an accommodation, or with the understanding that her signature was necessary to get the ball rolling. There is absolutely no language in the petition referring to Cammar- *923 ata as a petitioner. The petition only refers to appellees as petitioners.
Cammarata’s signature here is meaningless. We are of the opinion that since Cammarata is not a petitioner and she is unquestionably an interested person, she is entitled to notice under section 733.212 or 733.2123, Florida Statutes (1987), if the time for her to object to the proceedings is to be shortened. Since Cammarata did not receive notice of any shortened time period, her petition was timely filed under section 733.109 Florida Statutes (1987), prior to discharge of the personal representative. Therefore, Cammarata’s petition for revocation is not so clearly and unmistakably false as to constitute a sham pleading. Guaranty Life Insurance Co. of Florida v. Hall Bros. Press, Inc., 138 Fla. 176, 189 So. 243 (1939); Wood v. Price, 546 So.2d 88 (Fla. 2d DCA), review denied, 553 So.2d 1166 (Fla.1989).
Although Cammarata had actual notice that the April 1985 will was being filed for probate, actual notice is not sufficient. Kereszti v. Bishop, 462 So.2d 508 (Fla. 3d DCA), review denied, 475 So.2d 693 (Fla.1985); In re Estate of Ballett, 426 So.2d 1196 (Fla. 4th DCA 1983); In re Estate of Dalton, 206 So.2d 264 (Fla. 3d DCA), cert. denied, 211 So.2d 213 (Fla.1968). Where statutory notice is required, actual notice is insufficient because the interested person is not put on notice of the time limitations for him to act. Ballett; Dalton. Because there was not strict compliance with the statutory notice requirements to interested persons here, Nardi v. Nardi, 390 So.2d 438 (Fla. 3d DCA 1980), Cammarata’s petition for revocation should not have been stricken. Her affidavit sets forth sufficient facts to grant the petition, and if they prove to be true, she should be accorded relief.
Reversed and remanded for further proceedings consistent herewith.
CAMPBELL, C.J., and PARKER, J., concur.