PER CURIAM.
Edna R. Menna, the appellant (owner), who owns and operates Sun Country Mobile Home Park, challenges a final summary judgment entered in favor of Sun Country Homeowners Association, Inc., a Florida corporation, the appellee (association). We affirm.
On January 25, 1991, the owner sent a written notice of lot rental increase, reduction in services, and pass through of impact fee to each individual homeowner in the park. The letter stated that the changes would become effective May 1, 1991, and that the letter was intended to serve as a ninety day notice of these changes. Every letter was identical and included the following statement: “All mobile homeowners are receiving a copy of this notice of increase.”
On April 29,1991, the association filed an action against the owner requesting a declaratory judgment that the notice mailed to the individual homeowners was invalid because a separate written notice was not given to the board of directors of the association as required by section 723.037(1), Florida Statutes (Supp.1990). The parties filed a joint motion for summary judgment with a stipulated set of facts. The stipulation of facts provided: (1) a copy of the notice was mailed to each individual homeowner, (2) a copy of the notice was mailed to all persons who are officers, and all persons on the board of directors, in their individual capacities as homeowners, (3) a copy of the notice was not mailed to the registered agent of the association, (4) each member of the board of directors is also a homeowner, and (5) a separate notice was not sent to the board of directors or officers of the association.
The trial court subsequently granted a final summary judgment in favor of the association, finding that the owner did not provide written notice to the board of directors of the association as required by section 723.037(1) and, therefore, the notice sent to the individual homeowners was not effective. The owner filed this timely appeal.
The owner contends that under section 723.037(1) she is required to send the board of directors of the association a separate copy of the notice only when some of the homeowners are affected because in that case individual board members or officers may not otherwise receive a copy of the notice if they are not one of the affected homeowners. Therefore, the owner argues a separate written notice to the board was not required here because all homeowners were affected. We disagree and find that the specific wording of section 723.037(1) requires an owner to send a separate notice to the board of directors, even when all the homeowners are affected and all the members of the board and all officers of the association receive notice in their individual capacities as homeowners. In construing a statute, inference and implication cannot be substituted for clear expression. Carlile v. Game & Fresh Water Fish Comm’n, 354 So.2d 362 (Fla.1977).
Section 723.037(1) provides in pertinent part:
A park owner shall give written notice to each affected mobile home owner and the board of directors of the homeowners’ association, if one has been formed, at least 90 days prior to any increase in lot rental amount or reduction in services or utilities provided by the park owner or change in rules or regulations. The notice shall identify all other affected homeowners, which may be by lot number, name, group, or phase.
*899 When section 723.037 was initially enacted, subsection (1) required a park owner to give written notice to each homeowner at least ninety days prior to any rental increase. In 1986, the legislature amended the statute to require the park owner to provide notice only to affected homeowners and the board of directors of the association, if one has been formed.
If the homeowners choose to contest the notice of rent increase, section 723.037(4) provides that a committee, designated by a majority of the affected homeowners or by the board of directors of the homeowners association, shall meet with the park owner “within 30 days after receipt by the homeowners of the notice of change” to discuss the reasons for the increase. Within thirty days after the meeting described in subsection (4), the homeowners may petition the Division of Florida Land Sales, Condominiums and Mobile Homes of the Department of Business Regulation (Division) to initiate mediation of the dispute. § 723.037(5). See § 723.003(1), Fla.Stat. (Supp.1990).
After the 1986 amendment to section 723.037(1), the Division amended rule 7D-32.002, Florida Administrative Code, governing Notice of Lot Rental Increase under section 723.037.[1] Rule 7D-32.002(1) states that the notice of lot rental increase “is not effective until” given to the last of all affected homeowners in the park and the board of directors, and that no increase or reduction in services or change shall be effective prior to ninety days after the date all affected homeowners and the board of directors have been given notice. Subsection (4) of rule 7D-32.002 provides that notice to the board of directors of the homeowners association may be given by serving a copy of the notice on the president or registered agent of the corporation. Further, subsection (2) requires the owner to retain a written statement, signed by the owner, certifying the date the notice was given to all affected homeowners and the board of directors.
We find that the specific language of rule 7D-32.002 unequivocally requires the owner to give the board of directors written notice before such notice will be effective regardless of whether some or all of the homeowners receive the same notice. As indicated above, under rule 7D-32.-002(1), the notice is not effective until “90 days after the date all affected homeowners and the board of directors have been given notice.” The effective date of the notice is determined when the notice is given to the last of all affected homeowners and the board. Therefore, if the board is given notice before the last affected homeowner, the date notice is given to the last affected homeowner would trigger the ninety day period. If the board is given notice after or on the same date as the last affected homeowner, then the date notice is given to the board would trigger the ninety day period. In this case, the ninety day period never began to run, and thus the notice did not become effective, because the board was never given notice by the owner.
The date the notice becomes effective is also relevant to determine the thirty day period within which a committee may meet with the owner to challenge the rental increase pursuant to section 723.037(4), as previously discussed herein. If the homeowners or the association are limited by special time constraints to contest the rental increase, the owner must strictly comply with the statute authorizing such limitations. See In re Ballett, 426 So.2d 1196 (Fla. 4th DCA1983); Nardi v. Nardi, 390 So.2d 438 (Fla. 3d DCA1980).
 Even if we were inclined to adopt a standard of substantial compliance, rather than strict compliance as outlined above, the owner made no attempt in this case to give the board of directors written notice as required by the statute, and we would, therefore, find the owner did not substantially comply. Further, we cannot accept the owner’s argument that substantial com *900 pliance occurred because the board members and president of the association had actual knowledge of the written notice. Knowledge acquired by corporate officers while acting for themselves, and not for the corporation, cannot generally be imputed to the corporation. Telephone Util. Terminal Co. v. EMC Indus., Inc., 404 So.2d 183 (Fla. 5th DCA1981); C. & H. Contractors, Inc. v. McKee, 177 So.2d 851 (Fla. 2d DCA1965). More importantly, even if we found that the board had actual notice, where statutory notice is required, actual notice is not sufficient because it does not put the party on notice of the time limitations within which the party must act. See Cammarata v. Bechhold, 557 So.2d 922 (Fla. 2d DCA1990); Kereszti v. Bishop, 462 So.2d 508 (Fla. 3d DCA1985). As previously discussed herein, strict compliance is therefore necessary because of the time limitations contained in section 723.037. See Cammarata; Kereszti; Ballett; Nar-di.
We decline to disregard the clear legislative direction of section 723.037(1) which provides that the owner “shall” give written notice to the board of directors of the association, as well as the specific requirements imposed by the Division to implement section 723.037(1). See Glineck v. Lentz, 524 So.2d 458 (Fla. 5th DCA), review denied, 534 So.2d 399 (Fla.1988). Accordingly, we affirm the trial court’s order granting summary judgment for the association.
Affirmed.
SCHOONOVER, A.C.J., and PATTERSON and BLUE, JJ., concur.

. Section 723.006(7) authorizes the Division to promulgate rules which are necessary to implement, enforce, and interpret chapter 723. Such rules, made under power conferred by statute, have the force and effect of the statute. Florida Livestock Bd. v. Gladden, 76 So.2d 291 (Fla.1954).