PER CURIAM.
Appellant, Josephine M. Hyland a/k/a Joy Maria Assenheimer, appeals an order from the probate court dismissing her petition for revocation of probate for failure to file a statement of claim pursuant to section 733.212(l)(b), Florida Statutes.
*1087 Joseph DeLuca died on November 13, 1997. On December 4, 1997, the decedent’s will was admitted to probate, and his nephews, Robert Aiello and Bartolo-meo DePeitro, were appointed co-personal representatives under the terms of the will. On December 17, 1997, the Notice of Administration was published. Appellant received the Notice of Administration on December 20, 1997.
On March 17, 1998, the final day of the claims period, Virgil Aiello, a Massachusetts attorney and beneficiary under decedent’s will, filed two statements of claim. In one claim he alleged that he had a vested interest in certain parcels of land in Sicily, Italy. In the second claim, he alleged that certain individuals perpetrated a fraud and exerted undue influence on the decedent, rendering the will invalid. On both statements of claim, Virgil Aiello listed his name, address and social security number, but left the space provided for the claimant’s attorney blank. He did not include appellant’s name on either of the claims and appellant did not file a separate statement of claim. The personal representatives filed objections to the claims.
On March 6, 1998, the personal representatives filed an Addendum to Petition for Administration and petitioned the court to admit to probate two codicils to the original will. The first codicil expressly ratified all provisions of the original will, confirmed Article III, and added a bequest of additional real property to appellant and her siblings. The second codicil ratified the provisions of the original will, but changed the alternate co-personal representative. Both codicils were admitted to probate by order dated March 19, 1998. Appellant did not receive a Notice of Administration with respect to these subsequently filed codicils.
On July 31, 1998, Virgil Aiello and appellant served a Petition for Revocation of Probate of Last Will and Testament and Codicils. In response, appellees filed a petition to dismiss the petition for revocation of will, asserting that appellant’s petition for revocation was untimely due to her failure to file a statement of claim in accordance with the requirements of section 733.212(l)(b), Florida Statutes. That section provides that once an interested person has been served with the notice of administration, such interested person challenging the validity of the will must file an objection within the later of 3 months after the date of first publication of the notice or 30 days after the date of service of a copy of the notice on that objecting person.
After a hearing on the petition to dismiss, the probate court granted the petition to dismiss appellant’s petition for revocation. The court determined that the two statements of claim filed by Virgil J. Aiello were filed solely on his behalf and not in a representative capacity. Thus, the court concluded that appellant did not satisfy the statutory requirement to serve an objection on or before March 17, 1998 and was, therefore, barred from contesting the validity of the will.
We find that the probate court properly found that the claims filed by Virgil J. Aiello named him alone as claimant and did not indicate in any way that they were filed in his representative capacity or filed by the appellant We reject appellant’s argument on appeal that the trial court looked beyond the “four corners of the complaint” and improperly considered the statements of claim in determining that appellant’s claim was untimely. At the hearing on the petition to dismiss the petition for revocation, appellant introduced the statements of claim and invited the court to consider them in deciding that she complied with section 733.212, Florida Statutes. Furthermore, appellant’s petition specifically alleged that “[tjimely objection was made herein pursuant to section 733.212(l)(b), Fla. Stat. by claim filed on behalf of Petitioners by Virgil J. Aiello, Esq. under date of March 16, 1998, and this Petition relates back hereto.” It was, therefore, permissible for the probate court to consider these statements of *1088 claims in rendering its decision on the petition to dismiss. See, e.g., Posigian v. American Reliance Ins. Co., 549 So.2d 751 (Fla. 3d DCA 1989)(finding that in an action seeking insurance coverage trial court properly considered insurance policy and complaint filed in underlying action where complaint made specific reference to these documents and duty to defend depended solely upon allegations in complaint filed against insured).
We agree, however, with appellant’s argument that she was not barred by section 733.212 from challenging the validity of the will. Appellant claims that the time period provided in 733.212 does not apply to her because she did not receive a notice of administration with respect to admission to probate of the codicils. According to appellant, the admission of the later-discovered codicils was tantamount to the admission of a new will, which required new letters of administration and a new notice of administration. Without a new notice of administration, the three-month limitation period of section 733.212(l)(b) did not apply, and Florida Statutes section 733.109(1) permitted a petition for revocation to be filed at any time prior to the discharge of the personal representatives.
The Florida Probate Code defines a will as “ an instrument, including a codicil
...” § 731.201(35), Fla. Stat. (emphasis supplied). If a codicil is discovered during the pendency of the administration, “any interested person may offer the later will for probate. The proceedings shall be similar to those for revocation of probate.” § 733.208, Fla. Stat. Section 733.212 requires that the personal representative publish a notice of administration. The notice requires all interested persons to file with the court “[a]ny objection by an interested person on whom notice was served that challenges the validity of the will ... within the later of 3 months after the date of the first publication of the notice or 30 days after the service of the copy of the notice on the objecting person.” § 733.212(b), Fla. Stat. However, if the interested person does not receive notice, then section 733.109 allows him or her to petition for revocation of probate before the discharge of the personal representative.[1]
Appellee cites In re Williamson’s Estate, 95 So.2d 244 (Fla.1957), in arguing that the admission to probate of the later-discovered codicils does not commence a new period for objections to the codicils. However, as appellant points out, Williamson involved the claims of general creditors, not the claims of a beneficiary under a will modified by a later-discovered will or *1089 codicil. Because a beneficiary’s objections relate directly to the terms of the will itself, beneficiaries should be afforded an opportunity to challenge the validity of a later-discovered will during a new limitation period running from service of notice of administration with respect to the new will.
Because the personal representatives did not give appellant formal notice of the administration of the two subsequently filed codicils, section 733.109 allows her to petition for revocation of probate before discharge of the personal representative. See In re Estate of Ballett, 426 So.2d 1196, 1199 (Fla. 4th DCA 1983)(“If interested persons are to be limited by special time constraints, the personal representative must strictly comply with the statute authorizing such limitations.”). Accordingly, we reverse the probate court’s dismissal of appellant’s petition and remand for further proceedings.
REVERSED and REMANDED.
KLEIN, TAYLOR, JJ., and BLANC, PETER D., Associate Judge, concur.

. The personal representatives in this case also failed to comply with Florida Probate Rule 5.025, which governs adversary proceedings in an estate and provides as follows:
(a) The following shall be adversary proceedings unless otherwise ordered by the court: proceedings to remove a personal representative, surcharge a personal representative, remove a guardian, surcharge a guardian, probate a lost or destroyed will or later-discovered will, determine beneficiaries, construe a will, cancel a devise, partition property for the purposes of distribution, determine pretermitted share, and for revocation of probate of a will.
(b) Declared Adversary Proceedings. Other proceedings may be declared adversary by service on interested persons of a separate declaration that the proceeding is adversary.
(1) If served by the petitioner, the declaration shall be served with the petition to which it relates.
(2) If served by the respondent, the declaration and a written response to the petition shall be served at the earlier of:
(A) within 20 days after service of the petition, or
(B) prior to the hearing date oh the petition.
(3) When the declaration is served by a respondent, the petitioner shall promptly serve formal notice on all other interested persons.
(c) Adversary Status by Order. The court may determine any proceeding to be an adversary proceeding at any time.
(d) Notice and Procedure in Adversary Proceedings.
(1) Petitioner shall serve formal notice. (emphasis supplied).