DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROSALIE WOLF,**
Appellant,

v.

**JO ANN DOLL,** individually and as Successor Trustee of the
Gretchen T. Reysman Revocable Living Trust Dated November 3, 2005,
Appellee.

No. 4D16-2634

[November 15, 2017]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Cheryl Caracuzzo, Judge; L.T. Case No. 502015CA004849XXXXMB.

Paul J. Kneski of the Law Offices of Paul J. Kneski, P.A., Plantation, for appellant.

James S. Telepman of Cohen, Norris, Wolmer, Ray, Telepman & Cohen, North Palm Beach, for appellee.

KUNTZ, J.

At the heart of this case is an attempt by the decedent's friend to recover damages from the decedent's neighbor, who she asserts tortiously interfered with the inheritance her friend had left to her. However, we need not tell that story at this time. Our focus in this appeal is on the court's conclusion that the friend was barred from raising her claims due to an earlier probate proceeding.

The court concluded the friend, Rosalie Wolf, knew about the earlier probate proceeding, could have raised her claims in that earlier proceeding and, as a result, was barred from raising the claims in collateral litigation. Based upon those conclusions, the court entered summary final judgment in favor of the neighbor, Jo Ann Doll. Now, Wolf appeals, arguing material issues of fact precluded the entry of summary judgment. We agree. The controlling statute required "formal notice" to all beneficiaries of the earlier probate proceeding, a petition for summary administration. However, the

record does not indicate whether or not "formal notice" was provided to Wolf. Therefore, we reverse.

## *Background Facts*

For purposes of this appeal, there are three relevant people involved in this story: the decedent, whose money and assets are at issue; Wolf, who testified that the decedent was best friends with her mother, and that she and decedent saw each other several times per month; and, Doll, who was the property manager at the condominium complex where the decedent lived. Doll testified that she helped the decedent in various capacities including becoming a signatory on one of her accounts three years prior to her death.

In 2005, the decedent executed a Deed to Trustee, giving the decedent, as Trustee, the power and authority to manage or dispose of her condominium unit. Five years later, the decedent amended the trust. As amended, the trust distributed title, ownership and possession of the condominium unit to Wolf. The trust also distributed all personal property not specifically transferred to Wolf.

Later, the decedent fell and fractured her hip. While hospitalized, she executed another amendment to the trust. This amendment revoked the provisions of the prior amendment that was in Wolf's favor, and provided that the condominium and property would be transferred to her neighbor, Doll. The decedent also executed a power of attorney, appointing Doll. Two months later, the decedent passed away.

Doll petitioned for summary administration of the decedent's estate. The petition indicated that Wolf was a beneficiary of the estate and the certificate of service indicated that Wolf was served with a copy of the petition. However, the certificate of service did not indicate the manner in which Wolf was served. The probate court entered an order of summary administration, transferring the decedent's jewelry to Wolf and the remainder of the assets to the trust. Later, pursuant to the amended terms of the decedent's trust, the condominium unit was transferred to Doll.

Wolf, who did not participate in the summary administration, filed a civil action against Doll, alleging tortious inference with expectancy, constructive trust, declaratory relief, and conversion. After the parties participated in discovery, Doll moved for summary judgment. Doll argued in her motion that Wolf had actual knowledge of the probate proceeding and, therefore, was prohibited from collaterally attacking the order of summary administration. Wolf did not address this issue in her lengthy

2

response, however, the issue was addressed at her deposition which had been filed with the court. And, while the court held a hearing on the motion, the issue of notice was not discussed at the hearing.

Following the hearing, the court granted Doll summary judgment, finding Wolf's claims were procedurally barred. The court stated that "although [Wolf] was aware of the probate proceeding, she did not contest the validity of the Will or Trust, as amended, in that proceeding."

After the court issued its written order granting Doll's motion for summary judgment, Wolf moved for rehearing. Later, the court entered final judgment, and Wolf renewed her motion for rehearing, arguing the court had overlooked a material issue of fact; specifically, that the record was unclear as to whether or not Wolf had knowledge of the probate proceeding. The court denied rehearing and Wolf appealed.

## Analysis

On appeal, Wolf argues the court improperly granted summary judgment, as a material issue of fact exists regarding whether she was on notice of the separate, and earlier, summary administration in probate.

Summary administration in probate allows for simplified probate of estates, unless the decedent directed formal administration, when "the value of the entire estate subject to administration in this state, less the value of property exempt from the claims of creditors, does not exceed $75,000 or that the decedent has been dead for more than 2 years." § 735.201, Fla. Stat. (2013).

To initiate a summary administration proceeding, any beneficiary or person nominated as personal representative may petition for summary administration. § 735.203(1), Fla. Stat. (2013). The statute provides that the petition must be signed and verified by the surviving spouse, if any, and any beneficiary not receiving a full distributive share. *Id.* Further, for those beneficiaries not required to join the petition because they are receiving a full distributive share, the statute states "formal notice of the petition must be served on a beneficiary not joining in the petition." *Id.*

Ultimately, our resolution of this appeal turns on the definition of "formal notice." In granting Doll's summary judgment motion, the court determined that Wolf "was aware of the probate proceeding," and, therefore, was precluded from proceeding in this subsequent action for tortious interference. But, the record is unclear even as to Wolf's actual knowledge of the probate proceeding. And, missing from the record is any

3

evidence that Wolf was provided "formal notice" of that proceeding in the manner required by the statute and rules.

The Probate Code provides that "'formal notice' means a form of notice that is described in and served by a method of service provided under rule 5.040(a) of the Florida Probate Rules." § 731.201(18), Fla. Stat. (2013). Rule 5.040(a) provides for a copy of the document to be sent, together with a notice requiring the person served to serve written defenses within 20 days after service of the notice, and "notifying the person served that failure to serve written defenses as required may result in a judgment or order for the relief demanded in the pleading or motion, without further notice." Fla. Prob. R. 5.040(a)(1).

The rule also provides that the "formal notice" is accomplished through service of process or "by sending a copy by any commercial delivery service requiring a signed receipt or by any form of mail requiring a signed receipt." Fla. Prob. R. 5.040(a)(3). Importantly, for purposes of this case, the rule states that "proof of service shall be by verified statement of the person giving the notice; and there shall be attached to the verified statement the signed receipt or other evidence satisfactory to the court that delivery was made to the addressee or the addressee's agent." Fla. Prob. R. 5.040(a)(4).

Here, the record does not indicate formal notice was sent to Wolf. There is no verified statement of service nor a signed receipt, both of which are required to effectuate "formal notice." Instead, the record indicates that Doll filed a petition for summary administration, and the petition included a certificate of service indicating it was served on Wolf. However, the certificate of service does not indicate the method of service. Later, the court issued the "order of summary administration." The order indicates it was sent to Wolf, however, again, does not indicate the method of service. Wolf testified that she may have seen the probate court's "order of summary administration," but was uncertain as to when she saw it. Nowhere in the record is there evidence that formal notice was sent to Wolf.

Doll also asserts that Wolf had actual knowledge of the proceeding. We recognize the practical appeal to Doll's assertion of actual notice and in many contexts actual notice may be sufficient. However, we question whether actual notice would be sufficient in the context of notice of a probate proceeding. *See, e.g., In re Ballett's Estate*, 426 So. 2d 1196, 1199 (Fla. 4th DCA 1983) ("Anna R. pooh-poohs the slight difference between formal and informal notice, particularly because it is asserted that Baron had actual notice. However, the court held in *In re Estate of Dalton*, 206 So. 2d 264 (Fla. 3d DCA 1968), that, where statutory notice had not been

4

furnished, actual notice of the filing of a will for probate is not sufficient . . . the reason being that the written notice puts the interested person on notice of the time limitations for him to act."); *Nardi v. Nardi*, 390 So. 2d 438, 440 (Fla. 3d DCA 1980) ("A nonadherence to these requirements [of formal notice] amounts to an abandonment of the benefit . . . ."). Regardless, we need not decide that issue today. Whether or not Wolf had actual knowledge is unclear from the record, leaving a disputed issue of material fact as to her actual notice.

Generally, collateral proceedings to a probate action are governed by section 733.103(2), Florida Statutes (2013). Case law interpreting the statute has held that when a party has notice of probate proceedings and an opportunity to contest the probate proceedings, the party is prohibited from bringing an action for wrongful interference with a testamentary expectancy if it failed to raise its challenges. *See Schilling v. Herrera*, 952 So. 2d 1231, 1236 (Fla. 3d DCA 2007). Specifically regarding claims of tortious interference, the Florida Supreme Court held that the law permits a claim for tortious interference of a testamentary expectancy "if the circumstances surrounding the tortious conduct effectively preclude adequate relief in the probate court." *DeWitt v. Duce*, 408 So. 2d 216, 219 (Fla. 1981).

The statute and case law require us to resolve one question: Whether Wolf was given notice of the probate proceeding. If so, her collateral claims are barred. However, if Wolf was not given notice of the probate proceeding, she was effectively precluded from obtaining adequate relief in that proceeding, and her collateral claims are not barred. Therefore, whether she received notice of that proceeding is undeniably a material fact. Further, based on this record before us, the fact is undeniably disputed. As such, summary judgment was improper.

## Conclusion

Based upon this record, there is a disputed issue of material fact as to whether Wolf had notice of the earlier probate proceeding. Therefore, the summary final judgment in favor of Doll must be reversed.

*Reversed and remanded.*

TAYLOR and MAY, JJ., concur.

*       *       *

**Not final until disposition of timely filed motion for rehearing.**

5