BOYER, Chief Judge.
Dicie W. Rowe died on February 8, 1973. Petition for Probate of her Will and for Letters Testamentary was filed by James D. Ownby, the Executor named in the Will. Lloyd A. Smith, Esquire, was designated as attorney of record for the Petitioner in the Petition for Probate of the Will and the same attorney signed the Notice to Heirs or Beneficiaries and various other pleadings filed in the proceeding. He was also designated as “attorney for estate” in the Notice of Probate which was published pursuant to F.S. 732.28(3). *46 Prior to the issuance of Letters Testamentary a Petition for Revocation of Probate of Will was filed by Helen Mader, Appellant here. Although there is no certificate of service appearing on, nor appended to, that Petition the parties agree that on the date of the filing thereof a copy was served upon attorney Lloyd A. Smith, as attorney for James D. Ownby who, as aforesaid, had filed the Petition for Probate of Will and who was designated in the Will as Executor thereof. In due course, pursuant to motion, the learned Circuit Judge entered the Order here appealed reciting that “the court finds that the court lacks jurisdiction of said Petition for Revocation of Probate because of insufficient service of process of said Petition” whereupon said Petition was dismissed.
Although several points are argued in the briefs the only issue which merits our consideration is whether F.S. 732.30(2) requires service upon the personal representative personally as distinguished from his attorney of record. Appellee contends that it does. We hold to the contrary.
Rule 5.050(f), P.G.R. provides that “Unless ordered by the court, service of process is not necessary on any person who has filed a claim, pleading, election or other paper, or who has otherwise appeared in the same proceeding, notice, where required, being sufficient.” Section (g) of the same rule provides that “service of notice, pleadings, motions and other papers subsequent to obtaining jurisdiction of the party and when required by law or by these rules, other than process, shall be made, filed and certified to as provided in Rule 1.080, RCP, except when specifically provided otherwise.” Rule 1.080(b), R.C. P., provides in material part that “When service is required or permitted to be made upon a party represented by an attorney, service shall be made upon the attorney unless service upon the party is ordered by the court.” That rule further provides that “Service by mail shall be complete upon mailing.”
Sub judice the personal representative was represented by an attorney. That personal representative filed the initial pleading in the cause and the court thereby obtained jurisdiction within the meaning of Rule 5.050(g), P.G.R. A copy of the Petition for Revocation was served upon the attorney of record for the personal representative. Although Letters Testamentary had not then been issued he was in fact designated as Executor in the Last Will and Testament which was attached to the Petition for Probate and was therefore “a personal representative” within the contemplation of F.S. 732.30(2). The trial court had jurisdiction of the Petition for Probate, the personal representative who signed that Petition, the Petition for Revocation and the signor thereof. The learned trial judge therefore erred in holding that he was without jurisdiction of the latter petition.
Reversed and remanded.
RAWLS and McCORD, JJ., concur.