548 P.2d 415

**Bruce Owen GUSTAFSON, a single man,
Appellant,**

v.

**Doris Jean McDADE, a widow, Appellee.**

**No. I CA–CIV 3146.**

Court of Appeals of Arizona,
Division 1.

April 13, 1976.

John M. McCormick, Phoenix, for appellant.

. John J. Doherty, P. C. by John J. Doherty, Phoenix, for appellee.

## OPINION

KRUCKER, Judge.

The subject of this appeal is the denial of a motion to set aside the entry of default and default judgment against appellant in favor of appellee entered November 27, 1974.

Appellee filed her complaint on September 3, 1974, and a temporary restraining order issued on September 6, 1974, together with an order to show cause directing appellant to appeal on September 10 to show cause why the restraining order should not be continued in full force and effect. On September 10, 1974, appellant appeared at the hearing and the court ordered that the temporary restraining order remain in full force and effect, pendente lite. On September 30, 1974, appellant's default was entered.

A notice of application for default judgment was mailed on October 21, 1974, to appellant's attorney stating that appellant's default had been entered and that application for default judgment would be made on October 25, 1974. No application for default judgment was made at the specified time and on November 23, 1974, appellant's attorney filed a motion in opposition to application for default judgment, asking that the application for default judgment be denied because the three-day notice required by Rule 55(b), Rules of Civil Procedure, 16 A.R.S., had not been given.

On November 22, 1974, another notice of application for default judgment was mailed to appellant's attorney indicating that application for default judgment

would be made on November 27, 1974. On November 27 appellee presented her evidence, and the default judgment was entered.

 On February 26, 1975, appellant filed a "motion to vacate judgment and request for leave to file an answer", the body of which requested the court to set aside the entry of default and to vacate the judgment. The only basis for the motion was that the three days' notice of application for default judgment mandated by Rule 55(b) had not been satisfied. It was pointed out to the court, and correctly so, that since the notice of application for default judgment was mailed, an additional three days was added to the prescribed period. Rule 6(e), Rules of Civil Procedure. Although November 27, 1974, (Wednesday) was the sixth day, appellee's attorney failed to exclude from his computation the preceding Saturday and Sunday, as provided in Rule 6(a), Rules of Civil Procedure. Therefore the notice that the application for judgment would be heard November 27 did not satisfy the Rule 55(b) mandate of three days' notice.

 The rule in this jurisdiction is that the failure to give the three-day notice of intention to apply for default judgment to a defendant who has appeared renders a default judgment void. *McClintock v. Serv-Us Bakers,* 103 Ariz. 72, 436 P.2d 891 (1968); *City of Phoenix v. Collar, Williams & White Engineering, Inc.,* 12 Ariz. App. 510, 472 P.2d 479 (1970); *Austin v. State ex rel. Herman,* 10 Ariz.App. 474, 459 P.2d 753 (1969).

One purpose of the rule requiring notice to a party who has appeared is to afford him an opportunity to contest the damages amount. Cf., *Austin v. State ex rel. Herman,* supra. This might require the marshalling of evidence and witnesses and therefore the three-day rule affords time for preparation.

 Appellant was not given the requisite notice and therefore the default judgment was void. Although the default

judgment should have been set aside, it was correct to allow appellant's default to stand since he made no showing under Rule 60 (c), Rules of Civil Procedure, which would excuse his failure to file an answer.

The order denying the motion to vacate the default judgment is reversed with directions to enter an appropriate order consistent with this opinion.

HOWARD, C. J., and HATHAWAY, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120(E).