SHARP, Judge.
Beverly Feather appeals from a judgment of the probate court admitting Harry D. Sanko’s (her father’s) will to probate and barring her right to contest the validity of the will because she failed to file an “answer” within twenty days after receiving service of Mildred Thompson’s petition to probate the will pursuant to section 731.-301(l)(a), Florida Statutes (1977). Under the facts and circumstances of this case, the trial court erred in not requiring the petitioner or proponent of the will to give reasonable notice to Feather of the hearing which admitted the will to probate, and in not allowing Feather a reasonable extension of time in which to file her pleadings in opposition to the will.
Thompson is the named executrix in San-ko’s will, in which he disinherited his only child, Feather, and named as his sole beneficiaries Thompson and another woman to whom he was not related. Sanko had been ill with terminal cancer and heart disease. He executed the will in a hospital one day before he died.
*747 Upon receiving a copy of Thompson’s petition to probate the will at her home in Pennsylvania, Feather consulted a local attorney, who contacted Florida counsel. Within the required 20 day period,[1] on April 11, 1979, her attorney filed a pleading entitled “Notice of Appearance.” It stated:
Now comes the undersigned, Frank M. Townsend, as attorney for the daughter of the deceased; namely Beverly Hinkle-man Feather, who believes, she has an interest in the estate as the daughter of the deceased.
Frank M. Townsend as attorney for Beverly Hinkleman Feather, further requests an additional thirty days to file pleadings.
Townsend also telephoned Devo A. Heller, the attorney for Thompson, and told him about his representation of Feather, and his need for more time to file pleadings. Heller responded that he would not be able to represent Thompson in a will contest because he prepared the will, and would be a necessary witness.
Thereafter on April 24, 1979, Heller scheduled an ex parte hearing before the probate court, at which the court admitted the will to probate. No notice of the hearing was given to Feather or Townsend. Heller argues that the Notice of Appearance was insufficient to challenge the will, and that the trial court lacked power to grant Townsend’s motion for an extension of time. We disagree.
Section 731.301(l)(b), Florida Statutes (1977), provides:
If there is no answer served on the petitioner within 20 days from the service of the petition, the petition shall be considered ex parte. If an answer is served, a hearing shall be set and reasonable notice given.
Florida Rules of Probate and Guardianship Procedure 5.040(a)(1) and (2) requires an opponent of a will who has received a copy of the petition to file a “written defense” or “defenses” within the 20 day period.[2]
The pleading filed by Feather in this case is more than a mere “notice of appearance.” [3] It asserts that Feather claimed an interest in the estate. Since Feather was disinherited by the will sought to be probated, it is clear she opposed its admission to probate. Although Feather’s pleading might not have been sufficient to withstand a motion to strike, she should have been given a reasonable chance to amend or file further pleadings, rather than suffer what amounts to a default judgment against her claim.[4] The thrust of the court should be to afford a fair hearing to all rather than insistance on strict compliance with technical rules.[5]
Further, the pleading expressly requested additional time for Feather to file pleadings in opposition to the will. The twenty day period established by the statute and rule[6], is an extremely short period of time in which to require an out-of-state party to fully respond.[7] It is certainly not analogous to a statute of limitations period of time or a period of “non-claim”, like sections 731.111, 733.709, or 733.710 Florida Statutes (1977). The trial court could have granted Feather’s motion for an extension *748 of time to file pleadings, and should have done so under the circumstances.[8]
In any event, the pleading was sufficient to require the proponent of the will to give Feather notice of the hearing to admit Sanko’s will to probate pursuant to rule 5.040(b)(3).[9] Because no notice was given to Feather of the hearing to admit the will to probate, she is not bound by the judgment.[10]
We reverse the judgment, and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED.
DAUKSCH, C. J., concurs.
COBB, J., dissents without opinion.

. Fla.R.P. & G.P. 5.040(a).

. We note that the notice in this case which Thompson served on Feather is technically defective because it fails to state, as required by Rule 5.040(a)(1), that failure to file and serve written defenses within the required 20 days “may result in a judgment or order being entered in due course.” We do not rest our decision on this technical defect alone however.

. Technical forms of pleadings have been abolished in probate proceedings. “No defect of form impairs substantial rights . ...” Fla.R.P. & G.P. 5.020(a).

. See Metcalf v. Langston, 296 So.2d 81 (Fla. 1st DCA 1974).

. See In Re Estate of Ulm, 345 So.2d 1099 (Fla. 2d DCA 1977); Mader v. Estate of Rowe, 322 So.2d 45 (Fla. 1st DCA 1975).

. F.R.P. & G.P. 5.040; § 731.301(l)(b), Fla.Stat. (1977).

. The shortness of the time period is no doubt why rule 5.040 requires inclusion in the notice of the consequences of failure to timely file defenses thereto.

. Stanley v. Bellis, 311 So.2d 393 (Fla. 4th DCA 1975); In Re Estate of Rutherford, 304 So.2d 517 (Fla. 4th DCA 1974); In Re Estate of Tomlinson, 186 So.2d 89 (Fla. 1st DCA 1966). See In Re Estate of Ulm, 345 So.2d 1099 (Fla. 2d DCA 1977). See also Fla.R.Civ.P. 1.090(b); McWhorter v. McWhorter, 122 So.2d 504 (Fla. 2d DCA 1960).

. See Fla.R.Civ.P. 1.500(b).

. F.R.P. & G.P. 5.040(a)(2); see also Kiaer v. Friendship, Inc., 376 So.2d 919 (Fla. 3d DCA 1979).