390 So.2d 438 (1980)
Michael Newnam NARDI, Appellant,
v.
Edward DeWitt NARDI and Jacquelyn H. Cameron, Appellees.
No. 80-1074.
District Court of Appeal of Florida, Third District.
November 18, 1980.
*439 Tripp & Conklin and Dennis Dustin Smith, Fort Lauderdale, for appellant.
Mandina & Lipsky and Michael A. Lipsky, M. Jay Bennett, Miami Beach, for appellees.
Before HUBBART, C.J., and SCHWARTZ and BASKIN, JJ.
SCHWARTZ, Judge.
Michael Nardi, the son of the decedent, challenges an order dismissing his objection to the probate of his mother's will on the grounds of undue influence and lack of testamentary capacity. The basis of the ruling below was essentially that the objection was untimely filed. We reverse.
Flora Mae Nardi died on December 27, 1979. On January 4, 1980, a petition for administration was filed in the Dade County Circuit Court by the executors named in the will. The petitioners elected not to proceed pursuant to Section 733.201, Florida Statutes (1979) under which the self-proving will would have been immediately admitted to probate. Instead, they invoked Section 733.2123, Florida Statutes (1979), which states:

Adjudication before issuance of letters-
A petitioner may serve formal notice of his petition for administration on interested persons. No person who is served with formal notice of the petition for administration prior to the issuance of letters or who has waived notice may challenge the validity of the will, testacy of the decedent, qualifications of the personal representative, venue, or jurisdiction of the court, except in connection with the proceedings before issuance of letters.
*440 Pursuant to this provision, formal notice was served on the appellant in Garrettsville, Ohio on January 16, 1980. Section 731.301(1)(b) Florida Statutes (1979) provides:
If there is no answer served on the petitioner within 20 days from the service of the petition, the petition shall be considered ex parte. If an answer is served, a hearing shall be set and reasonable notice given.
Fla.R.P.&G.P. 5.040(a)(1), (2) similarly grants the opponent of a will 20 days after service to file a "defense" to the petition. Notwithstanding these time limitations, the lower court entered orders admitting the will to probate and issued letters of administration to the named executors on January 25, 1980, only nine days after Michael Nardi was served. Shortly thereafter, a notice of administration was duly published as provided by Section 733.212, Florida Statutes (1979). On March 17, 1980, the appellant filed a petition objecting to the letters. On motion of the personal representatives, the petition was dismissed with prejudice, on the ground that it was barred by the failure to respond within 20 days after receipt of the notice. The lower court held that the admittedly premature issuance of the letters was immaterial. We cannot agree with that conclusion.
In our view, the optional provisions of Sec. 733.2123, which preclude challenges to the validity of a will "except in connection with the proceedings before issuance of letters," may be applied only when there is strict adherence to the preconditional safeguards (which are themselves quite limited) contained in the applicable statutes and rules-specifically and particularly, those which require that the letters may not be issued ex parte unless twenty days has elapsed after service.[1] See, In re Estate of Dalton, 206 So.2d 264 (Fla. 3d DCA 1968), cert. denied, 211 So.2d 211, 213 (Fla. 1968). A nonadherence to these requirements amounts to an abandonment of the benefit of a shortened period for objection conferred by Sec. 733.2123. In proceeding ex parte before the prescribed period had expired under 731.301(1)(b), the personal representatives must be held to have subjected themselves instead to the procedures involved when a will is admitted to probate under the alternative provisions of Sec. 733.201. See, In re Estate of Dalton, supra. These include the right of a contestant to petition for revocation at any time before discharge under Section 733.109(1), Florida Statutes (1979), or, if, as here, Sec. 733.212(1) is complied with, within three months of the first publication of the notice of administration. § 733.212(3), Fla. Stat. (1979). The objection in this case was filed well before that time, and was therefore timely asserted.
Analyzing the issue before us from a somewhat different legal perspective yields the same result. If Sec. 731.301(1)(b) is applicable at all, the ex parte orders admitting the will and issuing letters must properly be viewed as the entry of a default judgment precluding the assertion of Nardi's objection to probate. See, Feather v. Estate of Sanko, 390 So.2d 746 (Fla. 5th DCA 1980). Since the time for responsive pleading[2] had not yet passed, the order was plainly premature and was therefore subject to being set aside upon proper motion. Gustafson v. McDade, 26 Ariz. App. 322, 548 P.2d 415 (1976); Pinon v. Pollard, 69 Cal. App.2d 129, 158 P.2d 254 (1945); Cottonport Bank v. Thomas, 12 So.2d 618 (La. App. 1943); Poindexter v. Marshall, 193 S.W.2d 622 (Mo. App. 1946); Surety Ins. Co. of California v. State, 514 S.W.2d 454 (Tex.Cr.App. 1974); Oden & Co. v. Vaughn Grocery Co., 34 Tex.Civ.App. 115, 77 S.W. 967 (1903); 49 C.J.S. Judgments §§ 207, 278 (1947); see also, Overholser *441 v. Overstreet, 383 So.2d 953 (Fla. 3d DCA 1980); Ferlita v. State, 380 So.2d 1118 (Fla. 2d DCA 1980). Contrary to the thrust of the ruling below, a prematurely entered default should be vacated even if the defendant does not move to do so or otherwise respond until the appropriate time for answer has already expired. Just this occurred in Gustafson v. McDade, supra; Pinon v. Pollard, supra; Poindexter v. Marshall, supra; and Surety Ins. Co. of Cal. v. State, supra. Because the twenty days for response after service provided by Fla.R.P.&G.P. 5.040 and Sec. 731.301(1)(b) is clearly not jurisdictional, a motion to vacate such a default need not be filed within that period[3] and may instead be brought within a "reasonable time" not to exceed one year under Fla.R.Civ.P. 1.500(d), and 1.540(b)(1),[4] as made applicable to will revocation proceedings by Fla.R.P.&G.P. 5.025(b)(2).[5] The objection filed by the appellant some 45 days, and therefore clearly within a reasonable time after the "default," affirmatively and correctly stated that the letters had been improperly issued. Under the principles we have stated, it should therefore have been treated as, in part, a motion to set aside the earlier ex parte orders and to that extent granted.
For these reasons, the order under review is reversed and the cause remanded for further proceedings consistent herewith.
Reversed and remanded.
NOTES
[1] This period has been accurately described as "extremely short." Feather v. Estate of Sanko, 390 So.2d 746 (Fla. 5th DCA 1980).
[2] The requirement that an opponent file defenses within twenty days is merely a procedural one and is in no sense a statute of limitations or a mandatory non-claim provision such as Sec. 733.212(3). Feather v. Estate of Sanko, supra.
[3] Ibid. The lower court's determination that its premature granting of letters was irrelevant was probably based on the view that the appellant was irremedially foreclosed by the running of the twenty days. This conclusion was erroneous.
[4] We believe that Rule 1.540(b)(1), which provides that a judgment may be set aside when entered by "mistake" applies to this situation. See, Viking General Corp. v. Diversified Mortgage Investors, 387 So.2d 983, 985 (Fla. 2d DCA 1980); cf., Marx v. Redd, 368 So.2d 101 (Fla. 4th DCA 1979). We need not decide whether the premature entry also rendered the default "void" under Rule 1.540(b)(4), as was indicated in Gustafson v. McDade, supra; Pinon v. Pollard, supra and Poindexter v. Marshall, supra; see, Overholser v. Overstreet, supra (premature entry of default by clerk "void").
[5] We note that, effective January 1, 1981, Fla. R.P. & G.P. 5.040(a)(2) will itself specifically provide for relief from defaults. See, In re Fla. Rules of Probate & Guardianship, 387 So.2d 949, 950-51 (Fla. 1980). This is not inconsistent with our conclusion that defaults may presently be set aside in "adversary proceedings" in probate under Fla.R.P.&G.P. 5.025(b)(2) and Fla.R.Civ.P. 1.500 and 1.540.