COWART, Judge.
This case involves the time within which an interested person must file a petition to revoke probate of a will.
The personal representative named in a will filed a petition for administration and served formal notice thereof as provided in section 731.301(1), Florida Statutes, on all interested parties including appellant, an heir and devisee. The notice required written defenses to be filed within twenty days after service. On February 27, 1984, prior to the expiration of said twenty day period the court, ex parte, considered the petition and entered an order admitting the will to probate and appointing the personal representative and issued letters of administration. As provided in section 733.212, Florida Statutes, the personal representative filed a notice of administration requiring *1359 any objection challenging the validity of the will to be filed within three months of the first publication of the notice. The record on appeal does not show that a copy of this notice was served on appellant, as the beneficiary, as required by section 733.-212(1), Florida Statutes. On September 12, 1984, appellant filed a petition to revoke probate on the ground that the testator lacked testamentary capacity and that the will was procured by fraud, etc. The probate court granted the motion of the personal representative to dismiss appellant’s petition to revoke probate on the ground that it was untimely and because appellant had signed a consent that another beneficiary under the will receive an early distribution of a devise. We reverse.
Section 733.109(1), Florida Statutes, provides that any interested person “except those barred under s. 733.212 or s. 733.-2123” may petition to revoke probate before final discharge of the personal representative.
Section 733.212 does not bar appellant because the record on appeal does not show that he was served with a copy of the notice of administration (as distinguished from the notice of the petition for administration) as required by section 733.212(1), Florida Statutes.
Section 733.2123 provides that no person served with a formal notice of a petition for administration may challenge the validity of the will “except in connection with the proceedings before issuance of letters.” Although section 733.2123 does not provide a time period within which a person served with notice of the petition for administration must act to oppose the probate and administration before the bar of that statute becomes effective, Florida Rule of Probate and Guardianship Procedure 5.040(a)(1) and (2) requires a person served with a copy of a petition for administration to file written defenses within twenty days. Section 731.301(l)(b), Florida Statutes, provides that if no answer is served to a petition for administration within twenty days from its service, the petition shall be considered ex parte. However we cannot agree that appellant’s petition for revocation of probate is barred because it was not filed until seven months after receiving notice of the petition for administration. The twenty day answer period provided by these rules and statutes regulates procedure only and is not a statute of limitation or a period of non-claim. Feather v. Estate of Sanko, 390 So.2d 746 (Fla. 5th DCA 1980); Nardi v. Nardi, 390 So.2d 438 (Fla. 3d DCA 1980). As explained in Nardi, the optional provisions of section 733.2123, which preclude challenges to the validity of a will “except in connection with the proceedings before issuance of letters” apply only after strict adherence to all pre-conditional safeguards, particularly those in section 731.301(l)(b), which permit ex parte consideration of a petition for administration only when no answer has been served after twenty days has elapsed after service of the petition for administration. Here, as in Nardi, the will was admitted to probate and letters issued before the elapse of twenty days after service of the petition for administration on appellant. Hence, section 733.2123 does not operate to bar appellant’s attack on the validity of the will. Neither does appellant’s consent that his brother receive a specific devise under the will act to estop appellant from attacking the validity of the will because it does not constitute a knowing and intentional relinquishment of his right to contest the validity of the will. See In Re Estate of Ballett, 426 So.2d 1196 (Fla. 4th DCA 1983). As long as not barred by either section 733.212 or 733.2123, any interested person is permitted by section 733.109(1) to petition for revocation of probate at any time before discharge of the personal representative.
The order dismissing appellant’s petition to revoke probate is reversed and the cause is remanded for further proceedings.
REVERSED AND REMANDED.
UPCHURCH and SHARP, JJ., concur.