269 P.3d 1197

**BYS INC., Plaintiff/Appellee,**

v.

**Salah SMOUDI and Jane Doe Smoudi, husband and wife, dba Me Too Me Too, Defendants/Appellants.**

**No. 1 CA–CV 10–0906.**

Court of Appeals of Arizona, Division 1, Department E.

Feb. 9, 2012.

As Amended March 13, 2012.

---

* Pursuant to Article 6, Section 3, of the Arizona Constitution, the Arizona Supreme Court designated the Honorable Daniel A. Barker, as appointed to serve as a judge pro tempore in the Arizona Court of Appeals to sit in this matter.

Hammerman & Hultgren, PC By Stanley M. Hammerman, and Holliday & Holliday, PC By Denise M. Holliday, Phoenix, Co-Counsel Attorneys for Plaintiff/Appellee.

The Murray Law Offices, PC By Stanley D. Murray, Scottsdale, Attorneys for Defendants/Appellants.

## OPINION

OROZCO, Judge.

¶ 1 Defendants/appellants Salah and Jane Doe Smoudi dba Me Too Me Too (the Smoudis) appeal from the trial court's denial of their motion to set aside a default judgment. The Smoudis contend: (1) they filed a timely responsive pleading, precluding the entry of default; (2) because they appeared in the action, they were entitled to notice and a hearing on damages, in the absence of which the default judgment is void; and (3) they demonstrated good cause to vacate the judgment in its entirety. For the following reasons, we find that although default was properly entered, the Smoudis appeared in the action and were entitled to notice and a hearing pursuant to Rule 55(b)2, Arizona Rules of Civil Procedure. We therefore affirm the entry of default but vacate the default judgment and remand for further proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

¶ 2 BYS, Inc. filed a complaint on May 5, 2009 against the Smoudis for breach of contract. The complaint alleged that the Smoudis entered into a lease agreement in November 2006 and subsequently defaulted on the lease, which did not expire until November 2011. The complaint sought damages for unpaid rent and common area maintenance charges, "subject to the Plaintiff's duty to mitigate damages." The complaint was served on the Smoudis' teenage son on May 29, 2009.

¶ 3 On August 27, 2009, BYS filed an "Application for Default; Entry of Default." On September 21, 2009, the Smoudis filed a document entitled "Application for Default Entry of Default, Request for Time Extension" and paid the civil answer fee. The document stated:

> I recently learned about the lawsuit brought by BYS [I]nc. against me, through a copy of application for default filed by the attorney of the plaintiff.
>
> The documents were served to my son who was under 15 years of age, on May 29th. My son failed to understand the gravity of the case and tossed them in his box of school paper. My wife had a major surgery on Aug. 31 and I spent several nights beside her and could not file this request for extension. I am still taking care of her and my family.
>
> I have consulted with an attorney, and I am in contact with the plaintiff attorney, who agreed to withdraw a request for default, to reach a settlement out of court if possible. If we do not, I am prepared to defend myself in court and prove that the plaintiff broke the lease first.
>
> I am asking you your honor to give me a chance by giving me an extension and not to pass the default judgment against me.

¶ 4 On October 2, 2009, BYS responded to the Smoudis' document and asserted that service of the summons and complaint was proper. Its counsel also denied agreeing to withdraw the application for default but acknowledged agreeing to a five-day extension to allow the Smoudis to answer the complaint. BYS argued that the Smoudis had failed to answer the complaint or otherwise reach an agreement with BYS. Attached to the response was email correspondence from September 15, 2009, in which BYS's counsel advised the Smoudis that their response was due the previous week and that counsel had filed the default paperwork that day but would try to retrieve it. In an email dated the following day, counsel advised the Smoudis that she was able to retrieve "the final default paperwork" and would need a "written proposal on how [the Smoudis] would like to resolve this matter in the next five days."

¶ 5 On October 8, BYS filed a Motion for Default Judgment, asserting that the Smoudis were properly served and had filed no responsive pleading, accompanied by a Sum Certain Affidavit. The court subsequently entered a default judgment against the Smoudis in the sum of $182,340, plus attorney fees and costs.

¶ 6 On December 2, 2009, the Smoudis filed a Motion to Set Aside Judgment, in which they made three arguments. First, they claimed that service of the summons and complaint had been made on their teenage son, who did not inform them of service for more than sixty days.[1] Second, they stated that they arranged with BYS for an extension of time to file their answer and denied receiving a copy of BYS's response to their motion for an extension. Finally, they argued they had appeared in the action via their document filed on September 21, and were thus entitled to notice of and a hearing on BYS's Motion for Default Judgment, pursuant to Rule 55(b)2. Therefore, they reasoned, because BYS had wrongly avowed that they had not appeared in the action, the default judgment should be set aside on grounds of mistake, inadvertence, or excusable neglect; fraud, misrepresentation or other misconduct; the judgment was void; or any other reason justifying relief under Rule 60(c)(1), (3), (4), or (6). The Smoudis asked the court to set aside the judgment and allow them to answer the complaint.

¶ 7 In response, BYS argued the Smoudis were properly served and aware of the filing of the application for entry of default and the filing of the motion for entry of default judgment but did not answer the complaint. BYS stated that upon receiving the Smoudis' motion requesting an extension, it notified them that BYS would be filing a response and reminded them that BYS had agreed only to delay its filing of a motion for default judgment by five days, which ended on September 21. BYS also stated that it mailed its

---

1. On appeal, the Smoudis argue that the entry of default should have been set aside pursuant to Rule 55(c) because service of process on their teenage son was invalid. For the reasons stated below, we do not address this issue.

response to the request for an extension and its Motion for Default Judgment to the Smoudis.[2] It noted that the documents had not been returned. Additionally, BYS argued that the default had been entered because the Smoudis failed to appear and the amount at issue was a sum certain; therefore, judgment could be entered on motion without a hearing under Rule 55(b)1. BYS also contended that any notice required under Rule 55(a)(1) was satisfied when BYS mailed a copy of the request for entry of default to the Smoudis and no other notice was required.

¶ 8 In their reply, the Smoudis argued that they appeared in the action on September 21, 2009, before BYS's Motion for Default Judgment was filed and they were entitled to a hearing on the application for judgment and a three-day notice of the hearing under Rule 55(b)2.

¶ 9 On July 15, 2010, BYS filed an Application for Writ of Garnishment (Non–Earnings) against Wells Fargo Bank as garnishee to collect on the judgment against the Smoudis. A writ of garnishment was served on or about the same day. On July 22, 2010, the Smoudis filed a Request for Hearing on the writ of garnishment, noting that the court had not ruled on their Motion to Set Aside Default and that they had not been served with notice of the writ of garnishment.

¶ 10 On August 23, 2010, the court held a hearing on the Smoudis' objection to the garnishment, at which time the court noted that it had been unaware that the Smoudis' Request for an Extension to File an Answer and Motion to Set Aside Judgment were pending and proceeded to address those motions as well. The court denied the Request

for Extension, reasoning that the default had been entered as of September 10, 2009 [3] and the Request for Extension was untimely. The court further found that the Request for Extension was not an appearance or an answer because it was not a responsive pleading and even if it were deemed an answer and if an additional five days had been given after the entry of default, it was still not timely filed. The court also denied the motion to set aside the default judgment because it found that the matter fell under Rule 55(b)1, which does not require notice or a hearing, and that "to appear" meant to file a responsive pleading, which it found the Smoudis had not done.

¶ 11 On November 9, 2010, the court denied the motion to set aside the default judgment. The Smoudis timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) section 12–2101.A.1, 2 and 5(c) (2011).[4]

## DISCUSSION

### Default Proceedings

¶ 12 A defendant in a civil action must file an answer within twenty days after service of the summons and complaint. Ariz. R. Civ. P. 12(a)(1)(A). If a defendant fails to plead or otherwise defend within those twenty days, the plaintiff may file an application for entry of default. Ariz. R. Civ. P. 55(a). The entry of default becomes effective ten days after the filing of the application, unless within that time, the defendant pleads or otherwise defends. Ariz. R. Civ. P. 55(a)(2), (3).

¶ 13 After entry of default has become effective, a plaintiff may file a motion for default judgment.[5] Ariz. R. Civ. P. 55(b). If

---

**2.** The copy of BYS's "Response to Request for Time Extension; Notice of Lodging Default Judgment" contained in the record includes an undated and unsigned statement that a copy of the filing was mailed to the Smoudis. The Motion for Default Judgment filed October 8, 2009 also lacks a certificate of mailing.

**3.** The parties agree that the default was actually entered on September 11, 2009, due to an intervening holiday.

**4.** The Arizona Legislature recently renumbered A.R.S. § 12–2101. *See* 2011 Ariz. Sess. Laws,

ch. 304, § 1 (1st Reg. Sess.) (effective July 20, 2011). We cite to the current version of this statute because no revisions material to this decision have since occurred.

**5.** We note that pursuant to Maricopa County Superior Court Administrative Order 2001–041, the Maricopa County Clerk of the Court does not customarily sign a document called "Entry of Default." Instead, "any requirement for entry of default will be satisfied by the Clerk simply [by the] filing [of] the Application and Affidavit of Default." The Smoudis raise no challenge to this

the amount sought by the complaint is for a sum certain or for a sum that can be computed with certainty, the court shall enter judgment on plaintiff's motion if the defendant has been defaulted for failure to appear. Ariz. R. Civ. P. 55(b)1. "In all other cases," the plaintiff must apply to the court for judgment, and if the defendant has appeared in the action, the plaintiff must serve the defendant with written notice of the motion for judgment at least three days prior to a hearing on the application. Ariz. R. Civ. P. 55(b) 2. If the damages are not certain, the court may also conduct a hearing as necessary to determine the amount of damages. *Id.*

¶ 14 A party seeking to set aside a default judgment must show that it sought relief from the judgment promptly, that the failure to timely answer the complaint was excusable under Rule 60(c), and that it had a meritorious defense to the action. *Almarez v. Superior Court*, 146 Ariz. 189, 190, 704 P.2d 830, 831 (App.1985) (*citing Daou v. Harris*, 139 Ariz. 353, 678 P.2d 934 (1984)). The trial court has broad discretion in deciding whether to vacate a default judgment, and this court will not disturb the trial court's ruling absent a clear abuse of discretion. *Hirsch v. Nat'l Van Lines, Inc.*, 136 Ariz. 304, 308, 666 P.2d 49, 53 (1983) (*citing Richas v. Superior Court*, 133 Ariz. 512, 652 P.2d 1035 (1982); *Union Oil Co. v. Hudson Oil Co.*, 131 Ariz. 285, 640 P.2d 847 (1982)).

### Entry of Default

¶ 15 The Smoudis first argue that pursuant to the email extension granted by BYS's counsel, their September 21 letter to the court constituted a timely responsive pleading sufficient to preclude entry of default against them. We disagree. BYS filed its application for entry of default on August 27, 2009. To prevent entry of default, the Smoudis were required to plead or defend within ten days, or by September 11. Ariz. R. Civ. P. 55(a)(2)-(4). The Smoudis filed

nothing with the court until September 21, 2009. Entry of default was therefore effective before the Smoudis filed the September 21 letter and paid their appearance fee. *Id.*

¶ 16 The Smoudis contend the September 16, 2009 email from BYS's counsel gave them a five-day extension to file a responsive pleading. By the date of the email, however, default already had been entered and become effective. Therefore, the email could not have given the Smoudis a five-day extension to file a responsive pleading.[6]

### Default Judgment

¶ 17 The Smoudis next argue that their September 21 filing constituted an appearance that entitled them to three days' notice and a hearing, prior to entry of judgment by default pursuant to Rule 55(b)2. Rule 55(b)2 provides in part:

> If the party against whom judgment by default is sought has appeared in the action, that party ... shall be served with written notice of the application for judgment at least three days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when required by law.

Ariz. R. Civ. P. 55(b)2. The Smoudis contend the judgment is void pursuant to Rule 60(c)(4) because they did not receive a notice of hearing.

¶ 18 BYS does not appear to dispute that the September 21 filing constituted an appearance, but instead argues that because the amount at issue was for a sum certain, the court could enter judgment on motion under Rule 55(b)1, without requiring notice

Administrative Order or the procedure it implements.

**6.** On appeal, the Smoudis also contend that entry of default should be set aside pursuant to Rule 55(c). We do not address this argument, however, because the trial court did not rule on the issue. On remand to the superior court, the Smoudis may move to set aside the entry of default pursuant to Rule 55(c).

or a hearing. We review de novo whether a default judgment is void and should be vacated pursuant to Rule 60(c)(4). *See Ezell v. Quon,* 224 Ariz. 532, 536, ¶ 15, 233 P.3d 645, 649 (App.2010) (*citing State ex. rel. Dep't of Econ. Sec. v. Burton,* 205 Ariz. 27, 29, ¶ 8, 66 P.3d 70, 72 (App.2003)).

■■ ¶ 19 A party against whom default is entered loses the right to litigate liability, but may still appear in the action to contest damages. *Tarr v. Superior Court,* 142 Ariz. 349, 351, 690 P.2d 68, 70 (1984). Such appearance can occur after default has been entered. *See id.* at 351–52, 690 P.2d at 70–71. "Appearance" is construed liberally and generally applies to any action taken by the defendant in which he recognizes that the case is in court and submits himself to the court's jurisdiction. *Id.* at 351, 690 P.2d at 70 (*citing Austin v. State ex. rel. Herman,* 10 Ariz.App. 474, 477, 459 P.2d 753, 756 (1969)).

■■ ¶ 20 Once a defendant has appeared, a default judgment can be obtained only after a hearing by the court upon three days' written notice. *Rogers v. Tapo,* 72 Ariz. 53, 57, 230 P.2d 522, 525 (1951) (*citing Hoffman v. New Jersey Fed'n,* 106 F.2d 204 (3rd Cir.1939) (interpreting the federal rules of procedure); *Commercial Cas. Ins. Co. v. White Line T. & S. Co.,* 114 F.2d 946 (8th Cir.1940) (same)). "The notice requirement of subsection (b) (2) furnishes some protection to those litigants who have submitted themselves to the jurisdiction of the court by making an appearance to contest the entry of default or, in an unliquidated case, introduce evidence concerning the extent of their liability." *Tarr,* 142 Ariz. at 351, 690 P.2d at 70, (*citing Neis v. Heinsohn/Phoenix, Inc.,* 129 Ariz. 96, 101, 628 P.2d 979, 984 (App.1981)). Therefore, Rule 55(b)2 requires a noticed hearing on an application for judgment when a party has: (1) appeared, regardless of whether the damages are liquidated or unliquidated; and (2) when a party has not appeared, and the damages are unliquidated. The failure to give a defendant who has appeared in the action the three-day notice of the hearing on the application for entry of a default judgment renders the resulting judg-

ment void. *Gustafson v. McDade,* 26 Ariz. App. 322, 323, 548 P.2d 415, 416 (App.1976) (*citing McClintock v. Serv–Us Bakers,* 103 Ariz. 72, 436 P.2d 891 (1968); *City of Phoenix v. Collar, Williams & White Eng'g, Inc.,* 12 Ariz.App. 510, 472 P.2d 479 (1970); *Austin,* 10 Ariz.App. 474, 459 P.2d 753).

¶ 21 The Smoudis' September 21 filing demonstrated their knowledge that the case was in court and their submission to the court's jurisdiction. *See Tarr,* 142 Ariz. at 351–52, 690 P.2d at 70–71. It was, therefore, an appearance for purposes of Rule 55(b)2 and entitled the Smoudis to a hearing on three-days notice on BYS's application for a default judgment. *See id.; Rogers,* 72 Ariz. at 57, 230 P.2d at 525. Accordingly, because there is no evidence in the record that the court held a hearing on the application or that the Smoudis received a three-day notice, the default judgment is void and the court erred in not setting it aside.[7]

## Garnished Funds

¶ 22 The Smoudis request that we vacate the garnishment judgment and order BYS to return any garnished funds, with interest. In response, BYS requests that if this court remands for a hearing on damages, we order that the garnished funds already paid to BYS be held by the court so those funds can be applied toward any new judgment. We decline both requests. The parties are free to address the matter on remand to the superior court.

## Attorney Fees

¶ 23 Both parties seek an award of attorney fees on appeal pursuant to A.R.S. § 12–341.01 (2011) and pursuant to the lease, which provides that the prevailing party in a legal proceeding under the lease "shall be entitled to recover from the other party all costs and expenses ... including reasonable attorneys' fees." As both parties prevailed in part on appeal, we deny both requests for attorney fees.

7. *Because we decide the default judgment is void, we do not address the Smoudis' other con-*tentions in support of their motion to set aside the default judgment.

## CONCLUSION

¶ 24 We find that the Smoudis failed to timely file a responsive pleading. Thus, we affirm the entry of default against the Smoudis. We do not, however, address the Smoudis' contention that entry of default should be set aside pursuant to Rule 55(c) because the trial court has not ruled on that issue. On remand, the superior court is free to consider whether the entry of default should be set aside pursuant to Rule 55(c).

¶ 25 We further find that because the Smoudis appeared in the action, they were entitled to notice and a hearing on BYS's application for default judgment pursuant to Rule 55(b)2. Accordingly, we vacate the default judgment. If, on remand, the superior court determines the entry of default should not be set aside, the court should conduct a hearing consistent with this opinion on BYS's Motion for Default Judgment regarding damages.

CONCURRING: DIANE M. JOHNSEN, Presiding Judge and PATRICIA K. NORRIS, Judge.