NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

_____

ADVANCED PROPERTY TAX LIENS, INC., an Arizona corporation,
*Plaintiff/Appellant*,

*v.*

JODY L. GLADDEN, an unmarried women, *Defendant/Appellee*.

No. 1 CA-CV 14-0478
FILED 12-15-2015

_____

Appeal from the Superior Court in Maricopa County
No. CV2013-093289
The Honorable Margaret Benny, Judge Pro Tempore

**AFFIRMED**

_____

COUNSEL

Kessler Law Offices, Mesa
By Eric W. Kessler
*Counsel for Plaintiff/Appellant*

Bueler Jones LLP, Chandler
By Gordon S. Bueler
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Patricia A. Orozco joined.

---

**P O R T L E Y**, Judge:

**¶1** Advanced Property Tax Liens, Inc. ("Advanced") appeals the ruling rescheduling a default hearing and the trial court's subsequent determination that Jody L. Gladden successfully redeemed her property before the rescheduled hearing. Finding no error, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

**¶2** A tax lien was assessed against property Gladden owned in Peoria. Advanced subsequently purchased the lien from the Maricopa County Treasurer and filed a lawsuit to foreclose Gladden's right to redeem the property under Arizona Revised Statutes ("A.R.S.") section 42-18201.[1] Gladden was served, did not file an answer, and Advanced filed an application for default and sent her a copy on April 21, 2014. A default judgment without hearing was entered on May 5, 2014.

**¶3** Gladden timely moved to set aside the default judgment, arguing the judgment was improper because it was entered before the default became effective. *See* Ariz. R. Civ. P. 55(a)(3) (a default does not become effective until ten days after the application for entry of default is filed). The trial court agreed, orally set aside the default judgment, but not the default, and rescheduled the default proceedings. The court did not, however, issue a contemporaneous written order.

**¶4** Prior to the rescheduled hearing, Gladden deposited the full redemption amount with the Treasurer and filed a "Notice of Redemption." The Treasurer did not immediately issue a certificate of redemption under A.R.S. § 42-18154(A). After the hearing, the court issued a signed order affirming that the default judgment had been set aside and finding Gladden's redemption was effective. Advanced appealed and we have jurisdiction pursuant to A.R.S. § 12-2101(A)(1) and (2).

---

[1] We cite to the current version of a statute unless otherwise noted.

## DISCUSSION

### I. The Default Hearing

**¶5** Although conceding the default judgment was properly set aside, Advanced argues that the trial court erred by postponing the default proceedings for seven days. Advanced contends that the court should have held the default hearing as scheduled because Gladden "had not appeared in the action." We disagree.

**¶6** Rule 55(b)(2) provides, in relevant part, that:

> If the party against whom judgment by default is sought has appeared in the action, that party or, if appearing by representative, that party's representative, shall be served with written notice of the application for judgment at least three days prior to the hearing on such application.

Ariz. R. Civ. P. 55(b)(2). If a defendant who has appeared does not receive three days' written notice of the default hearing, the default judgment is void. *Gustafson v. McDade*, 26 Ariz. App. 322, 323, 548 P.2d 415, 416 (1976).

**¶7** Although Gladden did not file an answer, she appeared by moving to set aside the default judgment. She was unaware of the pending hearing two days later and only learned about it after receiving Advanced's response. As a result, because she made an appearance, Advanced could not secure a default judgment without giving her three days' written notice. *See BYS Inc. v. Smoudi*, 228 Ariz. 573, 578, ¶ 20, 269 P.3d 1197, 1202 (App. 2012) ("Once a defendant has appeared, a default judgment can be obtained only after a hearing by the court upon three days' written notice.").

**¶8** Advanced contends that the hearing was sufficient to allow the court to enter a default judgment. We disagree. Gladden only had one day's notice of the hearing. Rule 55(b)(2) specifically requires three days' notice. *See Gustafson*, 26 Ariz. App. at 323, 548 P.2d at 416. Moreover, the rule does not specify when the first appearance occurs — three days' notice is required if the appearance occurs before a hearing to secure a default judgment. *See Ruiz v. Lopez*, 225 Ariz. 217, 221, ¶ 12, 236 P.3d 444, 448 (App. 2010) ("We interpret procedural rules according to their plain meaning."). As a result, the court properly rescheduled the default hearing so that Gladden would have the three day notice before the hearing. We find no error.

## II. Redemption Was Effective

**¶9** Advanced also argues that Gladden's attempt to redeem the property was ineffective because she redeemed the lien before she had a written order setting aside the default judgment. Advanced cites an email received from the Treasurer's Office stating that "[w]ithout the Court Order setting aside the first judgment [Gladden's] redemption can't be processed." We disagree.

**¶10** First, A.R.S. § 42-18206 permits a person entitled to redeem a property to do so "*at any time* before judgment is entered, notwithstanding that an action to foreclose has been commenced." (Emphasis added.) Because both parties were aware of the court's ruling, Gladden paid funds to redeem her property before the entry of a valid final judgment and was successful.

**¶11** Moreover, there is no requirement that parties with actual knowledge of a court's order setting aside a default must wait for a written or signed order before exercising the statutory right of redemption. And Advanced has not cited to any statutory or case law that required Gladden to wait for a written or signed order before paying the redemption fees in the short time before the court's ruling and the rescheduled hearing.[2]

**¶12** Finally, Advanced's reliance on *Friedemann v. Kirk*, 197 Ariz. 616, 5 P.3d 950 (App. 2000), does not change our analysis. *Friedemann* was a quiet title action where we found that "the trial court erred in granting the Treasurer's motion to vacate the entry of default judgment because [the property owner's] right to redeem the property tax lien was already foreclosed at the time the Treasurer accepted her redemption payment." *Id.* at 617, ¶ 1, 5 P.3d at 951. Here, there was no final default judgment at the time Gladden tendered the redemption fees because the default judgment had been set aside. Consequently, there was no legal impediment preventing Gladden from redeeming her property. Therefore, the trial court did not err in finding that the redemption was effective.

---

[2] Advanced cites A.R.S. § 42-18154, but the statute merely requires the Treasurer to issue a certificate of redemption, lists the information that must be included in the certificate, and authorizes the holder to record the certificate. The statute is silent about any requirement that a redeeming party must first seek or secure a written order to satisfy the Treasurer that he or she has the right to redeem. *See* A.R.S. § 42-18154(A).

¶13　　　　Because Gladden has prevailed on appeal, we award her costs on appeal upon compliance with ARCAP 21.

**CONCLUSION**

¶14　　　　We affirm the trial court's rulings.



Ruth A. Willingham · Clerk of the Court
FILED: ama