NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

TONY WILLIAMS, *Plaintiff/Appellant*,

*v.*

JUAN DE DIOS PERALTA, et al., *Defendants/Appellees*.

No. 1 CA-CV 22-0279
FILED 2-16-2023

---

Appeal from the Superior Court in Maricopa County
No. CV2021-015499
The Honorable Mary Collins Cronin, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Michael J. Fuller, Attorney at Law, Phoenix
By Michael J. Fuller
*Counsel for Plaintiff/Appellant*

The Finefrock Law Firm, PLLC, Scottsdale
By Marcus Rocky Finefrock
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Chief Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Angela K. Paton joined.

---

**C A T T A N I**, Chief Judge:

¶1        Tony Williams appeals the superior court's order setting aside a default judgment he obtained against Juan De Dios Peralta and Rosalva Herrera (the "Peralta Defendants").  The Peralta Defendants had filed an eviction action against Williams in justice court and apparently believed that a quiet title lawsuit subsequently filed by Williams was a response to their eviction action and did not require an additional response. The superior court accepted their explanation and, after finding that the Peralta Defendants had a meritorious defense to Williams's claims, granted their request to set aside the default judgment.  For reasons that follow, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        The Peralta Defendants have owned a residence in Phoenix (the "Property") since May 2009.  For several years, the Peralta Defendants' daughter, Stephanie, had a romantic relationship with Williams.  The two lived at the Property in 2019 until, according to Stephanie, Williams forced her to leave.

¶3        According to Williams, the Peralta Defendants orally agreed to sell him the Property in 2018.  He claims that he paid the Peralta Defendants $45,000 toward the purchase and made over $100,000 in improvements to the Property in reliance on the agreement.  He relies primarily on a June 2021 text he received from Stephanie stating:

> So [I] told my [D]ad [you] offered for us to the house he'll give you what you gave them back and what you're saying you put into the house so if you have the receipts or whatever and give it to him and he'll pay you he wants to buy the house back for me and my kids to move in there so you let me know how much you saying it was.

Williams responded, "That won't happe[n]."

¶4　　　　　According to the Peralta Defendants, they orally agreed to sell the Property to Stephanie, not Williams, and she paid $39,000 toward the purchase. They dispute the value of any alleged improvements to the Property, noting that they had never given Williams permission to make any improvements, and that he had never provided proof that he had done so.

¶5　　　　　In July 2021 and again in August 2021, Williams's attorney wrote to the Peralta Defendants, demanding they sign a quit claim deed conveying the Property to Williams. In response, the Peralta Defendants filed an eviction action against Williams in justice court in September 2021, apparently in reliance on advice from deputy clerks at the justice court.

¶6　　　　　On October 1, 2021, Williams sued the Peralta Defendants for breach of contract, promissory estoppel, and unjust enrichment, and to quiet title to the Property. One week later, the justice court dismissed the Peralta Defendants' eviction action without prejudice due to lack of jurisdiction. The Peralta Defendants mistakenly believed that their case was transferred to the superior court, not dismissed. Williams served the Peralta Defendants on October 16, 2021, but the Peralta Defendants apparently believed that Williams's complaint was his response to their eviction action, and they did not file an answer. Williams filed an application for default in November 2021. *See* Ariz. R. Civ. P. 55(a). When the Peralta Defendants did not respond, Williams filed a motion for default judgment by hearing in December 2021. *See* Ariz. R. Civ. P. 55(b)(2). Subsequently, the Peralta Defendants each filed an answer in propria persona. After a hearing on January 12, 2022, the superior court entered a default judgment.

¶7　　　　　In March 2022, attorney Marcus Finefrock, representing the Peralta Defendants, filed a notice of appearance as well as the Peralta Defendants' answer and counterclaim. He concurrently filed a motion to set aside the default judgment on the grounds of excusable neglect or any other reason justifying relief. *See* Ariz. R. Civ. P. 55(c), 60(b)(1), (6). After a hearing, the superior court granted the motion and set aside the default judgment. The court accepted the Peralta Defendants' assertion of confusion about the relationship between the proceedings in justice court and superior court and concluded that they had a meritorious defense to Williams's claims.

¶8　　　　　Williams timely appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(2).

3

## DISCUSSION

### I.    Relief from Judgment.

¶9          Williams argues that the superior court erred by setting aside the default judgment.  We review orders setting aside a default judgment for abuse of discretion.  *Gonzalez v. Nguyen*, 243 Ariz. 531, 533, ¶ 8 (2018); *BYS Inc. v. Smoudi*, 228 Ariz. 573, 577, ¶ 14 (App. 2012).  In doing so, we note the Arizona Supreme Court's guidance that "[t]he law favors resolution on the merits," so "if the trial court has doubt about whether to vacate a default judgment, it should rule in favor of the moving party."  *Daou v. Harris*, 139 Ariz. 353, 359 (1984).

### A.    Rule 60(b)(1).

¶10          To set aside a judgment under Rule 60(b)(1), the moving party must show: "(1) mistake, inadvertence, surprise, or excusable neglect, in failing to answer; (2) prompt action in seeking relief; and (3) a meritorious defense to the action."  *Addison v. Cienega, Ltd.*, 146 Ariz. 322, 323 (App. 1985); *see also* Ariz. R. Civ. P. 60(b)(1); *Daou*, 139 Ariz. at 358–59.  Here, the superior court's discretionary resolution of those issues, only the first and last of which are challenged, is supported by the record.

### 1.    Excusable Neglect.

¶11          Williams first contends that the superior court erred when it found that the Peralta Defendants demonstrated sufficient evidence of "mistake [and] inadvertence" to set aside the default judgment.  "[M]ere carelessness" does not justify setting aside a default judgment.  *Daou*, 139 Ariz. at 359.  Whether the neglect or inadvertence is excusable depends on what "might be the act of a reasonably prudent person under the same circumstances."  *Coconino Pulp & Paper Co. v. Marvin*, 83 Ariz. 117, 120 (1957).  "Diligence is the 'final arbiter of whether mistake or neglect is excusable.'"  *Aloia v. Gore*, 252 Ariz. 548, 552, ¶ 15 (App. 2022) (citation omitted).  Here, the superior court found that the Peralta Defendants "had filed a document in the Justice Court and there was confusion with regard to the relationship of Justice Court and the Superior Court."

¶12          Williams claims that the superior court improperly accepted the Peralta Defendants' claim of confusion, arguing—for the first time on appeal—that, contrary to the Peralta Defendants' assertion in superior court, they were represented by counsel when they defaulted.  He bases his argument on the fact that the pleadings the Peralta Defendants filed in the eviction action stated: "Overviewed by Attorney Marcus Finefrock . . . (Pro

4

Bono)." Williams also asserts that "[a]n attorney's bad advice is not legally excusable" and that a reasonable person would not ignore retained legal counsel's advice in favor of remarks from a justice court clerk.

¶13        Williams's new argument that the Peralta Defendants were represented by counsel before defaulting is waived. *See BMO Harris Bank N.A. v. Espiau*, 251 Ariz. 588, 593–94, ¶ 25 (App. 2021) (noting that legal theories must be presented timely to the superior court; otherwise, they are waived on appeal). Waiver notwithstanding, Williams's argument fails. Even assuming the Peralta Defendants spoke with a "pro bono" attorney, attorney Finefrock did not file a document identifying himself as attorney of record until March 2022. Moreover, nothing in the record indicates the extent to which attorney Finefrock assisted the Peralta Defendants during the eviction action, much less whether he was assisting them in responding to Williams's complaint. Accordingly, the superior court did not abuse its discretion by concluding that the Peralta Defendants were unrepresented and confused when navigating between the justice court and superior court proceedings.

¶14        Citing *Maher v. Urman*, 211 Ariz. 543, 551, ¶ 23 (App. 2005), Williams also argues that the superior court erred because the Peralta Defendants' ignorance of the rules does not constitute excusable neglect. But in *Maher*, this court upheld the superior court's discretionary ruling denying a plaintiff's motions for relief from a judgment that had dismissed a complaint without prejudice for failure to timely serve the defendants. *Id.* at 545, ¶ 1. The plaintiff argued that the superior court erred by finding that his failure to serve was not excusable neglect, but this court disagreed, noting that the superior court could have reasonably concluded that the failure "evidenced a desire to delay service" and was "an intentional choice." *Id.* at 550–51, ¶ 23. This court's decision there to uphold the superior court's finding that the plaintiff had not established good cause merely because he was an "unrepresented layperson," *see id.* at 549, ¶¶ 16–19, does not compel reversing the superior court's ruling here. *Maher* in fact confirms the superior court's discretion in ruling on a motion for relief from judgment, noting that "[a]bsent an abuse of discretion, the trial court's ruling must stand." *Id*. at 550, ¶ 20.

¶15        In sum, the record supports the superior court's conclusion that the Peralta Defendants' failure to respond to the complaint was not intentional and instead resulted from confusion about the relationship between two courts. The Peralta Defendants acted with diligence in responding to Williams's demand letter by filing an eviction action. *Cf. Aloia*, 252 Ariz. at 552, ¶ 15. And although the justice court dismissed the

eviction action for lack of jurisdiction, the Peralta Defendants believed it had been transferred to superior court. Given the circumstances presented, the superior court did not abuse its discretion by finding that the Peralta Defendants demonstrated excusable neglect.

## 2.    Meritorious Defense.

**¶16**        Williams also contends that the superior court erred by finding that the Peralta Defendants have a meritorious defense under the statute of frauds. The burden on the moving party to assert a meritorious defense is "minimal" and requires only "some legal justification for the exercise of the power, some substantial evidence to support it." *Gonzalez*, 243 Ariz. at 534, ¶ 12 (citations omitted).

**¶17**        The Peralta Defendants satisfied this burden by raising the statute of frauds, alleging that there was no written agreement to sell the property. Arizona's statute of frauds requires a signed writing for an agreement to sell real property to be enforceable. *See* A.R.S. § 44-101(6). Here, there is no evidence of a written agreement between the Peralta Defendants and Williams to sell the Property.

**¶18**        Williams argues that the statute of frauds fails as a defense because the text messages between Stephanie and Williams acknowledged the existence of an agreement to sell the Property. Williams raises this issue for the first time on appeal, so the argument is waived. *See Cont'l Lighting & Contracting, Inc. v. Premier Grading & Utils., LLC*, 227 Ariz. 382, 386, ¶ 12 (App. 2011). Moreover, to satisfy the statute of frauds, a written agreement must be signed by "the party against whom the contract is sought to be enforced." *Passey v. Great W. Assocs. II*, 174 Ariz. 420, 424–25 (App. 1993). Although the text messages between Williams and Stephanie acknowledge some type of agreement, they contain neither the terms of an agreement between Williams and the Peralta Defendants, nor signatures from any party. Instead, they merely show communications between Williams and a third-party. Accordingly, the text messages do not satisfy the requirement of a written agreement. *See* A.R.S. § 44-101(6).

**¶19**        Williams also argues that his "part performance" establishes a basis for overcoming the statute of frauds. But his unsupported assertion that he made a down payment and made improvements to the property is, at best, an arguable rejoinder to the Peralta Defendants' statute of frauds defense. *See Owens v. M.E. Schepp Ltd. P'ship*, 218 Ariz. 222, 225–27, ¶¶ 14–18 (2008). Williams did not provide any receipts for improvements or payments. The only record evidence is the text messages between Williams

and Stephanie, in which Stephanie asks for those receipts and Williams provides nothing in response. Moreover, the Peralta Defendants avowed that they never consented to any improvements to the Property and never received proof of any such improvements. Stephanie likewise stated that she was not aware of any renovations at the house. Accordingly, the superior court did not abuse its discretion by concluding that the Peralta Defendants showed a meritorious defense to Williams's claims.

### B. Rule 60(b)(6).

**¶20** Williams also argues that the superior court abused its discretion by setting aside the default judgment under Rule 60(b)(6), which authorizes relief from judgment for "any other reason justifying relief." *See also Gonzalez*, 243 Ariz. at 534, ¶ 12. Because we affirm the superior court's ruling under Rule 60(b)(1), we need not address the propriety of relief under Rule 60(b)(6). *See Webb v. Erickson*, 134 Ariz. 182, 186 (1982).

## II. Other Arguments.

### A. Misrepresentation of Controlling Law.

**¶21** Williams contends that the Peralta Defendants misrepresented the law to the superior court regarding the proper application of Rule 60 by suggesting that their meritorious defense was a strong enough factor to justify relief under Rule 60(b)(6) without regard to surprise or excusable neglect (which they also asserted). But the party's argument regarding the law is not dispositive, and here, the superior court expressly found that the Peralta Defendants established not only a meritorious defense, but also mistake and inadvertence, thus satisfying their burden of proof for relief under Rule 60(b)(1).

### B. Fraud Upon the Court.

**¶22** Williams also contends that the Peralta Defendants engaged in three acts of fraud upon the court: (1) hiding the fact attorney Finefrock provided legal advice since September 2021, (2) calling the Peralta Defendants "elderly," and (3) representing that Stephanie paid the Peralta Defendants for the Property. Williams did not raise these tangential and fact-intensive arguments in superior court, and we thus decline to consider them here. *See Cont'l Lighting*, 227 Ariz. at 386, ¶ 12.

### C. Request to Strike Portions of Williams's Brief.

**¶23** The Peralta Defendants request that we strike several portions of Williams's opening brief in which he raises facts and legal theories never presented to the superior court. In an exercise of our discretion, we decline to do so.

## III. Attorney's Fees, Costs, and Sanctions on Appeal.

**¶24** Williams requests an award of his reasonable attorney's fees and costs on appeal under A.R.S. §§ 12-341 and -349, as well as sanctions against the Peralta Defendants and their attorney under A.R.S. § 12-349 and ARCAP 25. The Peralta Defendants also request an award of their attorney's fees and costs on appeal and sanctions against Williams under A.R.S. §§ 12-341.01 and -349. Because the case has not been resolved on its merits, we defer any decision on attorney's fees to the superior court after the successful party has been identified. We decline to impose fees as a sanction. As the prevailing parties on appeal, however, the Peralta Defendants are entitled to an award of their costs on appeal upon compliance with ARCAP 21. *Cf.* A.R.S. § 12-342(A).

## CONCLUSION

**¶25** For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA