DELL, Judge.
Lawrence M. Aglow appeals from a final order of the circuit court removing him as co-personal representative of the Estate of Irma Odza.
On September 9, 1982, Hugo Dunhill, co-personal representative of the Estate of Irma Odza, filed an amended petition pursuant to Rule 5.440, Florida Rules of Probate and Guardianship Procedure, for removal of appellant as co-personal representative of the subject estate. Dunhill also filed a notice which scheduled the hearing on the petition for removal on September 29, 1982. On September 13, 1982, appellant received the petition for removal and notice of hearing but failed to appear at the scheduled hearing. The trial court determined that appellant received sufficient notice of the hearing and entered an order removing him as co-persopal representative pursuant to Rule 5.440.
Appellant contends that the trial court erred in granting the petition for removal because neither the petition nor the notice of hearing of the removal proceedings complied with the “Formal Notice” requirements of Rule 5.040.
We agree and reverse. Rule 5.440, proceedings for removal, provides:
(a) Proceedings for removal of a personal representative may be instituted by the court or by verified petition of any surety, joint personal representative or other interested person, alleging facts upon which the petition is based, with formal notice to all interested persons. [Emphasis added.]
Rule 5.040, Florida Rules of Probate and Guardianship Procedure provides:
Notice; Method and Time; Proof (a) Formal Notice.
(1) When formal notice is required, the petitioner shall serve a copy of the petition or other pleading on any interested person or his attorney if he has appeared by an attorney or requested that notice be sent to his attorney, together with a notice requiring the person served to file his written defenses to that petition within 20 days after service of such formal notice, exclusive of the day of service, and to serve a copy on petitioner’s attorney, and notifying the person served that failure to file and serve written defenses within the time required may result in a judgment or order being entered in due course. [Emphasis added.]
(2) If no written defense is served and filed within 20 days after service of the petition, the petition shall be considered ex parte, unless the court orders otherwise. If a written defense is timely *742 served and filed, a hearing shall be set and reasonable notice given.
The petition, the amended petition and the notice of hearing failed to notify appellant to file a defense within twenty days and that failure to file such a defense may result in a requested order being entered in due course. Neither party cites any Florida case in support of his position.
We find the analysis of the Third District Court of Appeal in Nardi v. Nardi, 390 So.2d 438 (Fla. 3d DCA 1980), analogous to the case- sub judice. In Nardi the court construed Section 731.301(1)(b), Florida Statutes (1979), which permits ex parte entry of an order in the absence of a timely response to any required formal notice, as having the same practical result as the entry of a default judgment. The Nardi court held that a party seeking to take advantage of ex parte probate proceedings must strictly comply with the procedural safeguards contained in the probate statutes and rules. We find the operative language of Rule 5.040(a)(2) substantially the same as Section 731.301(1)(b), Florida Statutes (1981).
Therefore, we hold that a party seeking to invoke the provisions of Rule 5.440 must strictly comply with the procedural requirements of 5.040. Due process requires that those persons identified in Rule 5.440(b) be furnished with reasonable notice that failure to respond by filing written defenses to the petition for removal may result in a judgment or order being entered against them. Simply notifying the party of the date and time scheduled for the hearing on the petition for removal does not comply with the procedural requirements of Rule 5.040(a)(1).
Accordingly, we reverse the order removing appellant as co-personal representative in the subject estate and remand this case for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
DOWNEY and HERSEY, JJ., concur.