SCALES, J.
*1050 Wells Fargo Bank, N.A., the defendant/counter-plaintiff below, seeks reconsideration of this Court's November 20, 2018 order denying Wells Fargo's motion to dismiss the appeal in appellate case number 3D18-2190. The underlying order on review grants Wells Fargo's motion for partial summary judgment on its two counterclaims for fraudulent transfer against the plaintiffs/counter-defendants below, Laptopplaza, Inc. and Iwebmaster.net, Inc. Because we agree with Wells Fargo that the partial summary judgment order determines liability only - reserving jurisdiction to set the amount of damages awardable to Wells Fargo on its fraudulent transfer counterclaims at a future date - we conclude that the appeal in appellate case number 3D18-2190 must be dismissed because it is taken from a non-final, non-appealable order.[1]
I. Relevant Facts and Procedural Background
In December 2007, 345 Carnegie Avenue LLC, as the borrower, executed a promissory note secured by a mortgage encumbering certain commercial property located in Miami-Dade County. Wells Fargo is the lender and mortgagee; Iwebmaster.net is one of the guarantors of the loan. The loan documents contained a prevailing party attorney's fee provision.
In 2014, the appellants and others sued Wells Fargo seeking certain equitable relief relating to loan payoff issues.[2] Wells Fargo asserted several counterclaims.
In the two counterclaims at issue here, Wells Fargo generally alleged that Iwebmaster.net (the guarantor) had fraudulently transferred Iwebmaster.net's monies and property to Laptopplaza (the transferee) with the intent to defraud its creditors (including Wells Fargo) in violation of sections 726.105 and 726.106 of Florida's Uniform Fraudulent Transfer Act (the "Act"). Specifically, Wells Fargo sought a declaration that certain transfers from Iwebmaster.net to Laptopplaza were fraudulent and, as damages, Wells Fargo sought, in part, to recover from both Iwebmaster.net and Laptopplaza "reasonable attorney's fees and costs in this action pursuant to the Loan Documents."
Wells Fargo moved for partial summary judgment on its two fraudulent transfer claims against Iwebmaster.net and Laptopplaza. At the September 27, 2018 summary judgment hearing on Wells Fargo's motion, consistent with its pleading, Wells Fargo argued that it was entitled to, as a measure of damages under the Act , reasonable *1051 attorney's fees and costs that were awardable under the fee provision contained within the loan documents. Indeed, Wells Fargo's counsel argued that, under the Act[3] , it could recover attorney's fees and costs against the transferee, Laptopplaza, who was not a party to the loan documents, as a component of available damages:
[WELLS FARGO'S COUNSEL]: The only thing I want to say to the Court, just as an administrative point, is, under 726.108 and 109, you're entitled to two remedies. If you're attacking the actual assets transfer, your [sic] entitled to those assets, whatever they are, or the amount to satisfy the claim, whichever is less.
So, if we prevail today, we would be entitled to an order, and then the Court would hold its attorney's fee hearing. It would take an unliquidated sum and make it liquidated, which would be the amount of the claim, and that would be the amount, in a final judgment, that the Court would order that Laptopplaza, Inc. is responsible for --
THE COURT: Right.
[WELLS FARGO'S COUNSEL]: -- based upon the fact that those assets were transferred, and we could execute against them.
But that would liquidate the claim. I'm just trying to make it easy for the Court, procedurally.
THE COURT: I got it. I got it. Okay, thank you.
(Emphasis added).
Immediately following this discussion, the trial court took a short recess before reconvening the hearing and granting Wells Fargo's motion for partial summary judgment. That same day, September 27, 2018, the trial court entered the subject order on review granting Wells Fargo's motion. Therein, the trial court found that "[p]ursuant to the loan documents, Wells Fargo Bank, N.A. is entitled to recover its reasonable attorney's fees and costs in this litigation" and that "Final Judgment will be entered following the Court's determination as to amount of reasonable fees and costs."
On October 17, 2018, Wells Fargo filed a "Motion for Final Judgment Awarding Reasonable Attorney's Fees and Taxing Costs" in the lower court.[4] Therein, Wells Fargo requested that the trial court, after conducting a hearing, enter a final judgment awarding its reasonable fees and costs consistent with the September 27, 2018 partial summary judgment order. Before the trial court had the opportunity to conduct a fee hearing, Laptopplaza and Iwebmaster.net filed the instant appeal challenging the trial court's September 27, 2018 partial summary judgment order.
On October 31, 2018, Wells Fargo moved to dismiss the instant appeal, claiming that *1052 the subject order is a non-appealable, non-final order. Laptopplaza and Iwebmaster.net responded that the order on review is a final judgment and that the award of attorney's fee is an ancillary issue that does not affect the finality of the order appealed. See Cheek v. McGowan Elec. Supply Co., 511 So.2d 977, 979 (Fla. 1987) ("[T]he recovery of attorney's fees is ancillary to the claim for damages. A contractual provision authorizing the payment of attorney's fees is not a part of the substantive claim because it is only intended to make the successful party whole by reimbursing him for the expense of litigation."). On November 20, 2018, this Court denied Wells Fargo's motion in an unelaborated order. Wells Fargo seeks reconsideration of that unelaborated order, which we now grant.
II. Analysis and Conclusion
Our review of the trial court record - particularly, Wells Fargo's pleadings, the September 27, 2018 hearing transcript, and the September 27, 2018 order granting Wells Fargo's motion for partial summary judgment - reveals that the trial court determined that both Iwebmaster.net and Laptopplaza are liable to Wells Fargo for damages (i.e., attorney's fees) on Wells Fargo's fraudulent transfer counterclaims, but that the lower court reserved for another day the calculation of those damages. It appears therefore, that, under the unique circumstances of this case, the trial court is considering awarding attorney's fees as a component of damages under the Act, rather than merely as an award ancillary to a final judgment. Hence, the order on review is, indeed, a non-final, non-appealable order as to Laptopplaza and Iwebmaster.net. See Aaoep USA, Inc. v. Pex German OE Parts, LLC, 202 So.3d 470, 471-72 (Fla. 1st DCA 2016) (concluding that an "order determining liability in favor of Appellee, but reserving the determination of the amounts of damages on the various causes of action alleged in the complaint for future proceedings" was a non-final, non-appealable order under Florida Rule of Appellate Procedure 9.130(a)(3) ); Saidin v. Korecki, 202 So.3d 468, 469-70 (Fla. 1st DCA 2016) (concluding that the appellate court's jurisdiction to review portions of an order granting injunctive relief under rule 9.130(a)(3)(b) did not extend to those portions of the order "determining liability in favor of the Koreckis, but reserving the determination of the amounts of damages for future hearings").
The instant appeal is premature. Thus, we grant Wells Fargo's motion for reconsideration and dismiss the instant appeal without prejudice to seek review once the trial court enters a final judgment on Wells Fargo's fraudulent transfer counterclaims.[5]
Appeal dismissed.

On December 7, 2018, this Court entered an order directing that appellate case number 3D18-2190 travel together with the related appeal in appellate case number 3D18-131 and be heard by the same merits panel. In light of our dismissal of the appeal in appellate case number 3D18-2190, we hereby vacate that December 7, 2018 order.

The trial court entered a partial final judgment on December 12, 2017, dismissing the appellant's Second Amended Complaint with prejudice. The appellants have separately appealed that judgment (appellate case number 3D18-131).

The Act provides, in relevant part:
(2) Except as otherwise provided in this section, to the extent a transfer is voidable in an action by a creditor under s. 726.108(1)(a), the creditor may recover judgment for the value of the asset transferred, as adjusted under subsection (3), or the amount necessary to satisfy the creditor's claim , whichever is less. The judgment may be entered against:
(a) The first transferee of the asset or the person for whose benefit the transfer was made; or
(b) Any subsequent transferee other than a good faith transferee who took for value or from any subsequent transferee.
§ 726.109(2), Fla. Stat. (2014) (emphasis added).

In addition to Iwebmaster.net and Laptopplaza, the motion was directed at other parties to the underlying litigation against whom Wells Fargo had obtained a separate order granting partial judgment.

We express no opinion on the propriety of using the Act to enter an award of attorney's fees and costs against the appellants based on the fees provision contained in the subject loan documents.