# Third District Court of Appeal

## State of Florida

Opinion filed December 13, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-2065
Lower Tribunal No. 21-3654
_____

**Donna D. Gnaegy,**
Appellant,

vs.

**Debra D. Morris,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jose L. Fernandez, Judge.

Reiner & Reiner, P.A., and David P. Reiner, II, for appellant.

Wicker, Smith, O'Hara, McCoy & Ford, P.A., and Jessica L. Gross and Nina N. Batista, for appellee.

Before EMAS, LINDSEY and LOBREE, JJ.

EMAS, J.

**INTRODUCTION**

Appellant, Donna D. Gnaegy, appeals from an order that 1) granted summary judgment in favor of Appellee, Debra D. Morris on various claims filed against Appellant individually and as personal representative of the decedent's Estate and as trustee of his Revocable Trust, but reserved ruling on, and did not determine the amount of, damages; 2) found Appellee entitled to attorney's fees and costs, but reserved ruling on, and did not determine the amount of, fees and costs; and 3) removed Appellant as personal representative of the Estate and as trustee of the related Trust.

We find the trial court did not abuse its discretion in removing Appellant as personal representative of the Estate and as trustee of the Trust and affirm that portion of the trial court's order.[1] However, we dismiss the remainder of the appeal as taken from a nonfinal, nonappealable order.

**BACKGROUND AND PROCEDURAL HISTORY**

Donna D. Gnaegy (Appellant) and Debra D. Morris (Appellee) are sisters. In 2019, their father, Donald D. Forsht (the Decedent), died testate,

---

[1] We review an order removing a personal representative for abuse of discretion. Boyles v. Jimenez, 330 So. 3d 953, 959 (Fla. 4th DCA 2021) (citing Henderson v. Ewell, 149 So. 372, 372 (1933)). We likewise review for abuse of discretion a trial court's decision "whether to remove a trustee." Giller v. Grossman, 327 So. 3d 391, 393-94 (Fla. 3d DCA 2021) (citing Wallace v. Comprehensive Pers. Care Servs., Inc., 306 So. 3d 207, 210 (Fla. 3d DCA 2020)).

with a Will and a Revocable Trust Agreement governing the disposition of his assets upon death. Such assets included Wells Fargo Bank accounts; homestead property; a Morgan Stanley Traditional IRA; an "Avocado farm" comprised of more than six acres; shares of stock in Green Forest Grove, Inc., a company in which Appellant and her husband shared an interest and served as directors; a loan receivable from Green Forest Grove, Inc.; and tangible personal property.

The Decedent named Appellant personal representative of the Estate and trustee of the Revocable Trust.  As such, she hired an attorney and an accountant to administer the Estate and Trust. More than a year after the Decedent's death, Appellant filed a petition for administration of the estate, and executed an oath of personal representative. Two weeks later, letters of administration were issued and an order admitting will to probate was entered, requiring Appellant to take numerous actions, including: submit an inventory of Estate assets; close the Estate within 12 months; place liquid assets in a court-designated depository; and, if real estate was sold, place the net sales proceeds in the depository. The order also prohibited Appellant from selling, encumbering, borrowing, or gifting any Estate assets without a separate order from the court.

It is largely undisputed that Appellant failed to comply with the letters of administration and order directing her to take the aforementioned actions. Instead, Appellant took the position below and on appeal that she relied on advice of counsel and thus cannot be found liable for any resulting damage suffered by the Estate.

Upon Appellant's failure to comply with the order, Appellee filed an adversary proceeding, alleging her sister breached her fiduciary duty, individually, as personal representative of the Estate, and as trustee of the Revocable Trust; committed a breach of trust individually and as trustee; and engaged in maladministration of Trust assets. Appellee maintained that Appellant's continuous failure to carry out her obligations as personal representative and trustee (e.g., file an inventory of Estate assets, distribute Trust income, etc.) resulted in substantial monetary damage to Appellee as beneficiary of the Estate. Based on these allegations, Appellee sought a trust accounting, removal of Appellant as personal representative and trustee, as well as compensatory, consequential, special and punitive damages.

Appellee later filed the underlying motion for summary judgment on all counts, with attachments in support of the motion (e.g., the decedent's will and trust, the letters of administration, federal tax returns, bank statements).

4

Appellant responded, inter alia, that: (1) summary judgment should be denied because discovery is ongoing; and (2) because she relied on her attorney and accountant to administer the Estate, the Trust and the finances, "there is no circumstance where she could be found to have intentionally or negligently breach[ed] a fiduciary duty." Appellee attested to the fact that she hired her father's attorneys for assistance and "did everything they asked me to do with respect to the administration of my father's assets, estate and trusts."

The probate court held a hearing on the motion, after which it granted the motion for summary judgment, removed Appellant as personal representative, and appointed Appellee in her place.

The trial court rendered an order, consistent with its oral pronouncement, finding that Appellant "committed multiple violations of her fiduciary duties as Personal Representative, each and all of which are causes for removal under Fla. Stat. § 733.504," and that, because she breached "various duties [she] owes to the beneficiaries of the Trust" her removal as Trustee "best serves the interests of the beneficiaries." § 733.504, Fla. Stat. (2022) ("A personal representative may be removed and the letters revoked for any of the following causes: . . . (3) Failure to comply with any order of the court. . . . (5) Wasting or maladministration of the estate.

5

. . . (9) Holding or acquiring conflicting or adverse interests against the estate that will or may interfere with the administration of the estate as a whole."); see also § 736.0706(2)(c), Fla. Stat. (2022) ("(2) The court may remove a trustee if: . . . (c) Due to the unfitness, unwillingness, or *persistent failure of the trustee to administer the trust effectively*, the court determines that removal of the trustee best serves the interests of the beneficiaries") (emphasis added).

Although granting summary judgment, the trial court reserved ruling on, and did not determine the amount of, damages. This appeal followed.

## ANALYSIS AND DISCUSSION

Appellee contends this appeal is premature, and that we lack jurisdiction because the order is nonfinal and nonappealable. Appellee is partially correct. This court has jurisdiction to review the order on appeal, but only that portion of the order removing Appellant as personal representative of the Estate and as trustee of the Revocable Trust. That aspect of the order is final and appealable pursuant to Florida Rule of Appellate Procedure 9.170(b):

> Appealable Orders. Except for proceedings under rule 9.100 and rule 9.130(a), appeals of orders rendered in probate and guardianship cases shall be limited to *orders that finally determine a right or obligation of an interested person* as defined in the Florida Probate Code. Orders that finally determine a right or obligation include, but are not limited to, orders that:

6

. . .

(6) *remove or refuse to remove a fiduciary*;

(Emphasis added).

This portion of the order did "finally determine a right or obligation of an interested person" by removing Appellant as a fiduciary. Cf. Jensen v. Est. of Gambidilla, 896 So. 2d 917, 918 n. 1 (Fla. 4th DCA 2005) ("This court is without jurisdiction to address any procedural irregularities that led up to the order removing Jensen as the personal representative because she failed to timely appeal that order, which was a final, appealable order.") (citing In re Odza's Estate, 432 So. 2d 740, 741 (Fla. 4th DCA 1983) (classifying an order removing a personal representative as a final, appealable order)); The Florida Bar, Removal of Personal Representative and Surcharge, LPC FL-CLE 9-1 (2023) ("The probate court's decision on a petition for removal is deemed a final order and may be appealed as a matter of right to the appropriate district court of appeal, even before the estate administration is complete.")

The remaining aspects of the order—granting summary judgment in favor of Appellee on her claims against Appellant, but reserving on the issue of damages, as well as granting entitlement to attorney's fees and costs while reserving on amount—are nonfinal and nonappealable. See, e.g.,

7

Laptopplaza, Inc. v. Wells Fargo Bank, NA, 264 So. 3d 1049, 1052 (Fla. 3d DCA 2019) (finding premature an order determining liability but reserving on damages: "[A]n order determining liability in favor of Appellee, but reserving the determination of the amounts of damages on the various causes of action alleged in the complaint for future proceedings was a non-final, non-appealable order under Florida Rule of Appellate Procedure 9.130(a)(3)") (quotation omitted).[2]

As to the question of whether the trial court properly removed Donna Gnaegy as personal representative and trustee, we conclude there is competent, substantial evidence to support the trial court's determination and action. Boyles v. Jimenez, 330 So. 3d 953, 959 (Fla. 4th DCA 2021) ("[A]n appellate court will not reverse an order removing a personal representative absent a trial court's abuse of discretion."); Giller v. Grossman, 327 So. 3d 391, 394 (Fla. 3d DCA 2021) ("A trial court's decision

---

[2] In addition, the order on appeal merely "grants" summary judgment, but does not actually enter judgment in favor of Appellee on her claims, nor does it contain the traditional words of finality. This independently renders that portion of the order nonfinal and nonappealable. See Lidsky Vaccaro & Montes, P.A. v. Morejon, 813 So. 2d 146, 149 (Fla. 3d DCA 2002) (noting "the law is settled that an order which merely grants a motion for summary judgment and does not otherwise contain the traditional words of finality is not a final order subject to appellate review. An order granting only summary judgment merely establishes an entitlement to a judgment, but is not itself a judgment.") (internal citations omitted).

whether to remove a trustee or to order a trustee to take certain actions is reviewed by an appellate court for abuse of discretion.") The trial court found that Appellant "committed multiple violations of her fiduciary duties as Personal Representative, each and all of which are causes for removal under Fla. Stat. § 733.504(3)." In enumerating each cause for removal, the trial court included specific examples of Appellant's actions, including those listed below:

- Failure to comply with the Letters of Administration and the Order Appointing Personal Representative, e.g., she did not place the Estate's liquid assets in a court depository pursuant to Florida statute.

- Failure to produce and exhibit assets of the Estate, e.g., she did not "collect or properly investigate the loan due from Green Forest Grove, Inc. to the Decedent."

- Wasting and maladministration of the Estate, e.g., she continued to incur charges on the Decedent's Wells Fargo credit card and failed to file appropriate tax returns for the Decedent and the Estate from 2017 to 2021.

- Conflict of interest, e.g., Appellant and her husband are directors and 50% shareholders of Green Forest Grove, Inc., and therefore stand to gain should the loan, made by the Decedent to Green Forest Grove,

9

not be repaid to the Estate and should the value of the Decedent's 50% ownership interest in Green Forest Grove not be determined.

In similar fashion, the trial court found that Appellant "is in breach of trust due to her violations of various duties [she], as Trustee, owes to the beneficiaries of the Trust," and, because she "persistently failed to administer the Trust effectively," her removal as trustee "best serves the interests of the beneficiaries." See § 736.0706(2)(c), Fla. Stat. (2022). Reasons for her removal as Trustee of the Revocable Trust include failure to: provide notice of acceptance of the Trust at any time, in violation of section 736.0813(a), Florida Statutes (2022); file any tax returns for the Trust, thereby subjecting the Trust to potential penalties and interest; render any Trust accountings whatsoever in violation of section 736.0813(d), Florida Statutes (2022); provide the Trust's beneficiaries with relevant information about the assets and liabilities of the Trust and the particulars relating to administration in violation of section 736.0813(e), Florida Statutes (2022); distribute Trust income or principal to the Trust's beneficiaries in violation of section 736.08147, Florida Statutes (2022); invest Trust assets pursuant to the prudent investor rule set forth in section 518.11, Florida Statutes (2022); administer the Trust in the interests of the beneficiaries and abide by the

10

express terms of the Trust in administering the Trust and distributing the assets outright to the beneficiaries.

We find ample competent, substantial evidence in the record to support the trial court's determinations, and hold the trial court acted within its discretion in removing Appellant as Personal Representative of the Estate and as Trustee of the Trust.

**CONCLUSION**

We affirm that portion of the order on appeal that removed Appellant as Personal Representative of the Estate and as Trustee of the Revocable Trust. We dismiss the remainder of the appeal as taken from a nonfinal, nonappealable order.

Affirmed in part, dismissed in part, and remanded for further proceedings.